■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EARL JOHNSTON, Appellant. — Appeal by defendant from a judgment of the County Court, Suffolk County (Namm, J.), rendered April 21, 1983, convicting him of attempted robbery in the third degree, upon his plea of guilty, and imposing sentence.

Judgment affirmed.

In the latter part of 1977, defendant was arrested and charged, *inter alia,* with robbery in the first degree and robbery in the third degree. These arrests arose out of incidents which occurred on September 18, 1977 and October 23, 1977, respectively. Two indictments were handed up against the defendant (indictments Nos. 1964/77, 1825/77). However, prior to his arraignment on the two indictments, defendant jumped bail, fled the jurisdiction and was absent from this State for over four years. During that period of time, defendant resided in Florida under an assumed name where he was arrested numerous times. The Suffolk County Court issued warrants for defendant's arrest but the police did not ascertain defendant's whereabouts until August 1982, when they received information from the authorities in Florida. Defendant was thereupon taken into custody and returned to this jurisdiction.

By memorandum decisions and orders dated December 22, 1982, defendant was granted, *inter alia, Wade* hearings on both

indictments. However, before any hearings were conducted, defendant pleaded guilty on March 15, 1983 to attempted robbery in the third degree under indictment No. 1825/77, which had charged him with, *inter alia,* robbery in the third degree. That plea was also in satisfaction of indictment No. 1964/77, which charged him with robbery in the first degree.

On the instant appeal, defendant argues that he was deprived of his constitutional right to a speedy trial. Specifically, defendant argues that the "five and one-half year gap between the institution of charges against [him] in 1977 and their ultimate disposition by plea and sentences, in March and April of 1983, respectively[,] violated his right to a speedy trial."

We disagree with defendant's argument.

In *People v Taranovich* (37 NY2d 442, 445) the Court of Appeals set forth five factors which are to "be examined in balancing the merits of an assertion that there has been a denial of defendant's right to a speedy trial: (1) the extent of the delay; (2) the reason for the delay; (3) the nature of the underlying charge; (4) whether or not there has been an extended period of pretrial incarceration; and (5) whether or not there is any indication that the defense has been impaired by reason of the delay".

Viewed within this perspective, defendant's argument must be rejected.

The record clearly indicates that the reason for and extent of the delay was the deliberate act of the defendant in fleeing the jurisdiction and living in Florida under an assumed name. Indeed, defendant's intent to avoid judicial process is indicated by his statement to the Daytona Beach police upon his arrest on the instant warrants, to wit, "It took six years for them to catch me". Nor can it be successfully argued that the Suffolk County police did not exercise due diligence in attempting to discover the defendant's whereabouts and secure his presence for trial in this State (*see, People v Camarda,* 54 AD2d 567; *cf. People v McLaurin,* 38 NY2d 123, 126). The uncontradicted evidence in the record indicates, and the County Court so found, that the Suffolk County police had engaged in extensive activity in this regard, to wit: "The Police Department Warrant Control Sheets submitted on this motion, indicate personal visits and checks of the post office, telephone directory and the Department of Motor Vehicles. The person who had provided the defendant's bail money was interviewed, as well as the defendant's sister, in furtherance of the Suffolk County Police Department's attempts to locate the defendant. The defendant's sister had received a long distance telephone call from her brother, but was not

advised of his whereabouts. All of this was done in 1978. In 1979 the Police Department Warrant Control Sheets indicate that a conversation with the mother-in-law of the defendant's step-sister led the police to believe that the defendant might be in Florida, but his address was unknown. A check of the Florida Motor Vehicle Bureau for possible driver's license or registration disclosed no information on the defendant as of January, 1979. The Police Work Sheet indicates inquiry concerning this defendant was also made in Baltimore County, Maryland with no results".

The other factors set forth in *People v Taranovich (supra)*, i.e., the nature of the underlying charge and the extent of any pretrial incarceration, also militate against defendant's argument. Defendant was charged with serious and violent crimes, and was incarcerated for only 16 days prior to his flight from the jurisdiction.

Finally, we have reviewed defendant's argument that his defenses to the two indictments were impaired by reason of the delay, and, based on the entire record, find it to be groundless (*cf. People v Corti*, 88 AD2d 345). Mollen, P.J., Mangano, Thompson and O'Connor, JJ., concur.