■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE WALKER, Appellant.—Order, Supreme Court, New York County (Luis M. Neco, J.), entered March 17, 1987, which granted defendant's motion pursuant to CPL 30.30 to dismiss the indictment on the ground that he was denied his statutory right to a speedy trial, is reversed, on the law, and the motion denied. Judgment, Supreme Court, New York County (Harold Baer, Jr., J.), rendered March 23, 1984, convicting defendant, after a jury trial, of robbery in the second degree and bail-jumping in the second degree is affirmed and the stay of execution of sentence (concurrent indeterminate prison terms of 5 to 10 years on the robbery conviction and 1½ to 3 years on the bail-jumping conviction) vacated.

By our order dated August 7, 1986, we held it error to deny defendant's dismissal motion for failure to provide a prompt trial without a hearing, and remanded the matter for that limited purpose *(People v Walker,* 122 AD2d 654). Following this hearing Criminal Term held that the People had failed to demonstrate due diligence in compelling defendant's appearance in court for prosecution of the robbery indictment during the period of time between September 9, 1982, the date on which defendant absconded and a bench warrant for him issued, and September 13, 1983, the date on which defendant was taken into custody upon his arrest for another crime. Charging this roughly one-year lapse of time entirely to the dereliction of the People, the hearing court dismissed the indictment, citing the alleged breach of defendant's constitutional and statutory right to a speedy trial, inasmuch as this time lapse exceeded the six calendar months in which the People were required to be ready to proceed to trial (CPL 30.30 [1] [a]). We disagree and reverse, finding that this one-year hiatus in prosecution is entirely chargeable to defendant.

The applicable statute (CPL 30.30 [4] [c]) excludes from consideration in computing delay any period resulting from "the absence or unavailability * * * of the defendant". Absence and unavailability are defined in this statute as follows: "A defendant must be considered absent whenever his location is unknown and he is attempting to avoid apprehension

or prosecution, or his location cannot be determined by due diligence. A defendant must be considered unavailable whenever his location is known but his presence for trial cannot be obtained by due diligence".

It is undisputed that during the critical one-year period defendant's location was "unknown" to the authorities. Whether the People exercised "due diligence" in searching for defendant presents a close question on this record. The warrant squad officer assigned responsibility for this task made three visits to the Bronx address furnished by defendant over the course of three months, and left his card with the woman occupant of this residence, with whom defendant formerly lived, requesting defendant to contact him. The officer also checked the Coles Directory and the records of the Motor Vehicle Department and the Manhattan and Bronx Probation Departments. However, the officer failed to visit the residence of another woman who had posted bail for defendant, or to contact defendant's aunt who lived in Brooklyn, or his foster parents who resided in Queens—information which was readily available to the police in defendant's court file. Clearly this was not the detective work of Police Inspector Javert. However, that is not the required standard. Similar routine efforts have been held by us to pass muster, even if they fall short of "those of a police officer remorselessly and relentlessly tracking down a violator of the law" *(People v Beltran,* 88 AD2d 830, 831; *cf., People v Johnston,* 111 AD2d 262).

Be all that as it may, we find it unnecessary to deliver a final assessment, with all the wisdom of hindsight, of this level of warrant squad effort, or for that matter, of the separate activity of defendant's parole officer who also testified at the hearing, because we find that during the period of his absence "defendant was attempting to avoid apprehension or prosecution", the alternative exception set forth in the statute. At all times during his absence defendant was aware that he was a parole violator, having disobeyed his parole officer's instructions, delivered personally to him at Rikers Island prior to his release, that he report a day or two after his release on bail. In his own testimony at the hearing defendant admitted his continuous desire to avoid execution of a parole violation warrant. He also moved his place of residence twice during the relevant time frame, and it is not too attenuated an inference that what prompted those moves was his awareness of the warrant officer's visit to his former Bronx residence. Most telling, if not conclusive, as to defendant's mental state as a conscious fugitive, was his behavior upon his ulti-

mate arrest on September 13, 1983, when he gave the police a false name and address still hoping to escape detection. Defendant testified that this conduct simply evidenced his desire not to go to jail as a parole violator. That sentiment, however understandable, cannot be separated out, in our view, from defendant's desire to avoid the apprehension which would inevitably result not only in incarceration on that status, but also effective prosecution on the outstanding indictment. Concur—Sandler, J. P., Ross, Asch and Wallach, JJ.

Ellerin, J., dissents in a memorandum as follows: I dissent and would affirm the dismissal of the indictment pursuant to CPL 30.30 based upon the findings of, and for the reasons stated by, the hearing court (Luis Neco, J.), which, in my view, are amply supported by the record.