■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CORNELL JACKSON, Appellant.—Appeal by the defendant from

a judgment of the Supreme Court, Westchester County (Hickman, J.), rendered June 20, 1985, convicting him of burglary in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On September 29, 1977, prior to his scheduled arraignment on a burglary charge in Yonkers City Court, the defendant ran away from the courtroom. An immediate search was unsuccessful, and a bench warrant was issued for his arrest. Thereafter, Westchester authorities visited the address the defendant had given at the time of his arrest and filed an all-points bulletin through a nationwide computer system. Over two years later, they were notified that the defendant was in the custody of the University City, Missouri, Police Department. Before extradition proceedings were completed, however, a Missouri Judge, on January 8, 1980, released the defendant.

In July 1980 the defendant was again arrested in St. Louis, Missouri. At that time he gave police his brother's name, birthday, and other pedigree information. He spent 40 months in a Missouri prison under his brother's name. From the time of his release from custody on January 8, 1980, Westchester officials were unaware of the defendant's whereabouts until October 1984 when Yonkers police learned that he had returned to New York. He was arrested on October 29, 1984, and arraigned two days later.

After a hearing, the Supreme Court found that the defendant's right to a speedy trial had not been violated. We agree. Under CPL 30.30 (1) (a), the People must be ready for trial within six months when one of the charges against the defendant is a felony. This period is tolled, however, when a delay results "where the defendant is absent or unavailable and has * * * escaped from custody * * * [A] defendant must be considered absent whenever his location is unknown and he is attempting to avoid apprehension or prosecution, or his location cannot be determined by due diligence" (CPL 30.30 [4] [c]).

The defendant argues that the People must exercise due diligence in attempting to locate him. We disagree. The tolling provision does not require a showing of due diligence when the defendant's location is unknown and he is attempting to avoid apprehension and has escaped from custody (see, People v Peterson, 115 AD2d 497; People v Rodriguez, 132 Misc 2d 1044). Because of the defendant's conscious desire to avoid

apprehension, it is unnecessary for us to determine whether the People acted with due diligence in attempting to locate him. The entire seven-year hiatus in the defendant's prosecution is, under the circumstances, chargeable to the defendant *(see, People v Walker,* 133 AD2d 2). Thompson, J. P., Spatt, Sullivan and Harwood, JJ., concur.