■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

JAMES T. HALL, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Nicolai, J.), rendered January 8, 1990, convicting him of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We find that the defendant's motion to dismiss the indictment on speedy trial grounds was properly denied. The defendant was arrested based on a felony complaint in December 1987, and subsequently released on bail. A bench warrant was issued for his arrest on May 23, 1988, after he failed to appear in court on several occasions. The defendant was arrested in Virginia on February 4, 1989, on an unrelated charge and waived extradition to New York.

On appeal, the defendant contends that the eight-month delay in prosecution from May 24, 1988, to his appearance in court on February 6, 1989, is attributable to the People. No issue is raised on appeal with respect to the delay prior to May 24, 1988, and the record indicates that the defendant signed a waiver of his right to a speedy trial while his case was pending in the County Court during that period. We need not address the People's contention that this waiver applied to the period after the bench warrant was issued on May 23, 1988, as we conclude that the People met their burden of establishing that the defendant's location was unknown and that he was attempting to avoid apprehension or prosecution (see, CPL 30.30 [4] [c]; People v Jackson, 142 AD2d 597). No hearing was required on the speedy trial motion as the parties' moving papers do not raise a factual dispute which must be resolved (see, People v Santos, 68 NY2d 859; People v Gruden, 42 NY2d 214).

The defendant contends that the People failed to prove beyond a reasonable doubt that the subject vials contained cocaine. Viewing the evidence adduced at the trial in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

The defendant's remaining contention is unpreserved for appellate review (see, CPL 470.05 [2]; People v Udzinski, 146 AD2d 245), and we decline to exercise our interest of justice

jurisdiction to review it. Lawrence, J. P., Harwood, Rosenblatt and O'Brien, JJ., concur.