■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

DAVID BANHAM, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Heller, J.), rendered May 3, 1989, convicting him of grand larceny in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We reject the defendant's contention that his right to a speedy trial was violated. We are satisfied that the documentary proof offered in opposition to the defendant's motion to dismiss the indictment pursuant to CPL 30.30 and 30.20 demonstrated that between August 17, 1987 and August 29, 1988 the defendant's location was unknown and that he was attempting to avoid prosecution. Accordingly, since the defendant was absent within the meaning of the statute, the People were not required to show "due diligence" in locating the defendant after he failed to appear for a scheduled court date (see, CPL 30.30 [4] [c]; *People v Jackson,* 142 AD2d 597; *People v Walker,* 133 AD2d 2; CPL 210.45 [5] [c]; *People v Gruden,* 42 NY2d 214).

We also find no merit to the defendant's contentions that his sentence was excessive (see, *People v Suitte,* 90 AD2d 80).

Finally, the defendant's challenge to the imposition of a mandatory surcharge is premature while he is still incarcerated (see, *People v West,* 124 Misc 2d 622). Lawrence, J. P., Eiber, Balletta and Rosenblatt, JJ., concur.