■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ANTONIO RODRIGUEZ, Respondent.—Order, Supreme Court, New York County (Ira F. Beal, J.), entered March 20, 1990, granting defendant's motion to dismiss the indictment on

speedy trial grounds, unanimously reversed, on the law, the indictment is reinstated, and defendant is ordered remanded to custody.

Following his arraignment in 1983 on an indictment charging criminal possession of a controlled substance in the first degree and related lesser crimes, defendant fled the jurisdiction. A bench warrant was ordered, but apparently was never lodged with appropriate law enforcement authorities. Defendant's subsequent arrest record traces a six and a half year odyssey of crime which took him, under a string of aliases, to Florida, New Jersey and the Bronx, where discovery of his true identity resulted in his return to New York County on the unvacated, yet still unlodged, warrant.

Defendant's speedy trial motion was granted on the People's perceived lack of due diligence in lodging the warrant, which the court opined might have led to his arrest in the local area prior to his first known milepost outside the jurisdiction, in Florida, a year and a half later. "[I]n [19]83," the court stated, "the law required due diligence when a defendant disappears". We cannot agree with that sweeping formulation as a fair interpretation of the earlier version of the statute.

CPL 30.30 (4) (c), insofar as was unaffected by a 1984 amendment, calls for exclusion, from the time within which the People must be ready for trial, of any period resulting from the defendant's "absence", which is defined as when the defendant's "location is unknown and he is attempting to avoid apprehension or prosecution, *or* his location cannot be determined by due diligence" (emphasis added).[1] A due diligence test was thus merely an alternative for the availability of this statutory exclusion. The statute is equally satisfied when the defendant, whose whereabouts are unknown, is attempting to avoid apprehension or prosecution *(People v Garrett,* 171 AD2d 153; *People v Walker,* 133 AD2d 2, 3).[2] This defendant's use of many aliases, during his lengthy absence

---

1. The 1984 amendment (L 1984, ch 670), which merely clarified the import of the statute by spelling out that the exclusion period would extend from issuance of a bench warrant until the defendant's return to court *(People v Bolden,* 174 AD2d 111), was intended solely to overcome the effect of *People v Sturgis* (38 NY2d 625), which involved flight to avoid prosecution *prior to* indictment *(see,* mem of State Exec Dept, 1984 McKinney's Session Laws of NY, at 3403). Issuance of a warrant, while thus recognized as conclusive evidence of the unauthorized absence, is not the sole predicate for a finding of absence.

2. We so noted in *People v Quiles* (176 AD2d 164), a case where authorities had failed to follow known leads as to the missing defendant's alias and alternate address.

from the jurisdiction, is persuasive evidence of his effort to escape detection by law enforcement authorities *(People v Walker, supra,* at 4).

The court below stated, on reargument, that inasmuch as defendant did not surface in Florida until his arrest there "two years" (actually, it was 20 months) after he had absconded from New York County, the reasonable assumption was that this fugitive had remained in the jurisdiction for most of that period where a modicum of diligence should have led to his apprehension. We decline to draw that inference, nor does the statute require us to do so. The record bears as little support for that assumption of presence as it does for the court's earlier conclusion that defendant "[a]pparently * * * had gone [to Florida] for his health"!

The statutory definition of an absent defendant has been met here. The period from the order for issuance of the bench warrant, in July 1983, until defendant's involuntary return to New York County, in or about December 1989, is thus excludable for purposes of speedy trial calculation. Concur—Rosenberger, J. P., Wallach, Kupferman, Asch and Rubin, JJ.

