*819 OPINION OF THE COURT
Gerald Sheindlin, J.
FINDINGS OF FACT
On January 14, 1987 the defendant Terry Moore was arrested and arraigned on the instant case. Bail was set and subsequently posted on January 18, 1987. On February 10, 1987 an indictment was filed accusing the defendant of burglary in the second degree and related charges. When the defendant failed to appear in court as scheduled on March 6, 1987, the court ordered a bench warrant for his arrest and his bail was forfeited.
On October 8, 1992 the defendant, arrested on new charges under the name Terrence Chapman, was involuntarily returned to court on the instant indictment. The defendant subsequently filed a motion for dismissal of the charges pursuant to CPL 30.30 (1) (a).
ISSUE
The issue presented is whether the People have fulfilled their obligations to locate the defendant while he was the subject of an outstanding bench warrant in order to preclude time being charged against them under CPL 30.30 (4) (c).[1] The defense alleges that the People did not make any attempts to locate the defendant and that due diligence would have resulted in his apprehension. The People claim that their efforts both demonstrate that the defendant’s location was unknown and satisfied any due diligence required of them. The court finds that the People have satisfied their obligations under CPL 30.30 (4) (c) as defined by the recent case of People v Bolden (81 NY2d 146 [1993]). Accordingly, the defendant’s motion is denied.
CONCLUSIONS OF LAW
In order to exclude time from speedy trial calculations pursuant to CPL 30.30 (4) (c), the People must demonstrate that the defendant was "absent” within the meaning of the *820 statute.[2] The 1984 amendment to this provision, adding a clause referring to defendants who are the subject of outstanding bench warrants,[3] raised the question of whether due diligence must be shown to invoke the statutory exception to this group of defendants. The Court of Appeals recently held that the People must use due diligence "in the enforcement of * * * bench warrants.” (People v Bolden, 81 NY2d 146, 154 [1993], supra.) In People v Bolden, the Court noted that "prosecutorial diligence in locating the defendant and/or securing his presence must be shown in order to involve the exclusion for periods when the defendant was 'absent’ or 'unavailable’ and a bench warrant for his apprehension was outstanding.” (Supra, at 155.)
The Bolden Court noted that the clause defining the word "absent,” which was part of the statute prior to the 1984 amendment, had the same meaning throughout the statute. The Court also noted that the 1984 amendment did not relieve the People of the due diligence requirement but only "relieved the People of their burden of showing a causative relationship between the defendant’s absence and their delay, but the quid pro quo was that the People had to obtain a bench warrant as precondition for availing themselves of the relaxed burden of proof.”[4] (Supra, at 154.)
Other courts have held that the People must use due diligence to enforce bench warrants to demonstrate that the defendant is "absent” within the meaning of the statute. (See, e.g., People v Delacruz, NYLJ, Nov. 13, 1992, at 21, cols 2, 3 [Sup Ct, Bronx County], supra ["short of clear indication that the defendant is knowingly seeking to avoid return to court— e.g., evidence if he has use of an alias or his flight from the jurisdiction * * * The only way to determine a defendant’s 'absence’ is by conducting a duly diligent search for him”].)
*821 Although due diligence is required for defendants who are the subject of outstanding warrants, "the police are not obligated to search for a defendant indefinitely.” (People v Garrett, 171 AD2d 153,155-156 [2d Dept 1991].) In the instant case, the police exhausted all possible avenues to locate the defendant. The assigned warrant officer, Detective Investigator Thomas Kelly, visited the defendant’s last known address, where he was informed that the defendant had moved from the neighborhood and had not been seen for months. Detective Kelly interviewed the defendant’s mother, sister and aunt as well as visiting their respective residences. No one knew the defendant’s whereabouts. Detective Kelly also made inquiries to the Department of Motor Vehicles, Postal Service, telephone company and Departments of Parole and Probation. None of these inquiries yielded any leads to locate the defendant.
The defendant claims that two Bronx addresses were his residences and the police could have found him if they had made any attempts to locate him. The defendant’s mother, Joyce Moore, leased both addresses and listed as occupants only her flaneé Samuel Adams and her daughter Harriet Nelson. In fact, Mrs. Moore informed Detective Kelly in July of 1987 that she had not seen her son in months and did not know his residence or whereabouts. The warrant squad also visited the prior address listed in the defendant’s CJA sheet as well as a new address discovered during the search for the defendant. Detective Kelly’s efforts were fruitless. These exhaustive attempts to locate the defendant demonstrate that his location was unknown and constitute the due diligence required of the People.[5]
Accordingly, the defendant’s motion to dismiss pursuant to CPL 30.30 is denied.

. CPL 30.30 (4) (c) excludes from speedy trial calculations "the period of delay resulting from the absence or unavailability [of] the defendant” and defines absent as when the defendant’s "location is unknown and he is attempting to avoid apprehension or prosecution, or his location cannot be determined by due diligence.”

. See, n 1.

. The 1984 amendment (L 1984, ch 670) inserted into the opening clause of CPL 30.30 (4) (c) "or, where the defendant is absent or unavailable and has either escaped from custody or has previously been released on bail or his own recognizance, the period extending from the day the court issues a bench warrant pursuant to section 530.70 because of the defendant’s failure to appear in court when required, to the day the defendant subsequently appears in court pursuant to a bench warrant or voluntarily or otherwise.”

. In fact, courts have noted that the 1984 amendment only clarified how the excluded time periods for the defendant’s absence from court would be calculated: the time period would run from the issuance of the bench warrant until the defendant’s return to court. (See, e.g., People v Rodriguez, 180 AD2d 517, 518, n 1 [1st Dept 1992]; People v Delacruz, NYLJ, Nov. 13, 1992, at 21, col 2 [Sup Ct, Bronx County].)

. Not only was the defendant attempting to hide from the warrant squad during the five years he was the subject of an outstanding warrant, he continued his path of deception upon his return to the criminal justice system. When arrested on the new charges, the defendant used the name Terrence Chapman. The defendant’s use of this new name demonstrates his attempt to avoid being apprehended on the outstanding warrant when rearrested. (See, e.g., People v Rodriguez, 180 AD2d 517, 518, n 2 [1st Dept 1992], supra; People v Garrett, 171 AD2d 153, 155 [2d Dept 1991], supra; People v Brazeau, 162 AD2d 979, 980 [4th Dept 1990].)