■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v BERNARD CHISOLM, Respondent. [649 NYS2d 127] —Order of the Supreme Court, New York County (Richard Andrias, J.), entered February 14, 1992, which granted the defendant's motion to dismiss the indictment pursuant to CPL 30.30, is unanimously reversed, on the law, the motion denied, the indictment reinstated and the matter remanded to the Supreme Court for further proceedings.

The motion court charged the People with an eight year period during which defendant had absconded and a bench warrant had been issued for him. Contrary to defendant's assertion, the People did allege and provide evidence that defendant's absence was the "cause" of the delay in the prosecution (*see, People v Colon*, 59 NY2d 921). There was evidence that after committing crimes in both New York and New Jersey, and having been advised that he had to return to court,

defendant fled the area and went to Georgia, where he promptly began another crime spree. The fact that defendant wilfully failed to appear in court (*see, People v Jackson,* 150 AD2d 609, 610, *lv denied* 74 NY2d 811) and fled the jurisdiction is competent evidence that defendant was attempting to avoid responsibility for his crimes. Further evidence of his attempt to avoid prosecution was provided by the defendant's use of varied names, dates of birth and Social Security numbers when he was arrested on numerous occasions for crimes in other jurisdictions (*see, People v Rodriguez,* 180 AD2d 517, *lv denied* 79 NY2d 1053).

As most recently found by the Court of Appeals in determining whether the People must show "due diligence" in attempting to locate defendant during a period of time where the defendant is attempting to avoid apprehension or prosecution: "The sole issue determined on this appeal is whether the [period of time defendant attempted to avoid apprehension and prosecution] should be chargeable to the People in calculating the ready trial period because the People allegedly failed to exercise due diligence in locating the defendant. CPL 30.30 (4) (c) provides that a period of delay resulting from the absence of the defendant may be excluded from time chargeable to the People when a defendant's location is unknown and the defendant attempts to avoid apprehension or prosecution. *The People need not exercise due diligence in attempting to locate a defendant who is attempting to avoid apprehension or prosecution* (*People v Luperon,* 85 NY2d 71, 80, n 3)." (*People v Torres,* 88 NY2d 928, 930-931 [emphasis added].) Concur—Sullivan, J. P., Ellerin, Ross and Nardelli, JJ.