OPINION OF THE COURT
Susan R. Larabee, J.
The court has before it respondent’s motion seeking the dismissal of this delinquency petition on speedy trial grounds. For the reason set out below, the respondent’s motion is granted, the petition is dismissed and the matter sealed.
This matter commenced on July 16, 1997 with the filing of the instant petition. The respondent made his initial appearance on that date, entering a denial to the petition, and was then paroled to his mother pending the fact-finding hearing. The matter was adjourned to this Part for a fact-finding hearing to be held on September 9, 1997, the 55th day after the respondent’s initial appearance.
On September 9, 1997, the respondent was not present in the courthouse when the matter was called before the lunch recess. The court issued a warrant for his arrest, found good cause to adjourn the fact-finding, and scheduled a warrant report. Nearly four hours later, the respondent returned on the warrant, which was then vacated. The court determined that the excuse offered by the respondent for his failure to appear at the 11:30 a.m. call was not valid, and having earlier found good cause to adjourn the commencement of the fact-finding, set the matter down for September 23, 1997 for pretrial and fact-finding hearings. That date was the 69th day after the respondent’s initial appearance.
On September 23, 1997, the respondent again failed to appear in court. The court once again issued a warrant for his arrest, and the matter was adjourned to October 15, 1997 for a warrant report. A copy of the warrant was given to the Presentment Agency. On October 15, 1997, the Assistant Corporation Counsel prosecuting this matter reported to the court that he received word from the Law Guardian that the respondent had been in the hospital but was released on October 14, 1997. There had been no effort to execute the warrant prior to that date, nor to verify the respondent’s hospitalization, and there is no finding of due diligence at that time, although the Corporation Counsel represented to the court that there was to be a sweep of juvenile warrants on October 18, which was the 94th day after the initial appearance, and the respondent was one of the targets for the sweep. The matter was then adjourned to October 20, 1997 for a further report.
*308 On October 20, the Corporation Counsel reported that he had spoken to the respondent’s mother and his aunt that morning and that they had stated that the respondent was going to appear in court that very day. The warrant was continued, but no due diligence finding was made at that time. The respondent did not appear in court on October 20th. On October 24, the 100th day after his initial appearance, the respondent was finally arrested on the warrant and he was remanded to the Commissioner of Juvenile Justice pending further proceedings on October 27.
On October 27, the Law Guardian made the instant motion, arguing that the Presentment Agency was 13 days beyond the last day on which the respondent’s fact-finding hearing must have commenced. Because the Presentment Agency did not exercise due diligence to secure the respondent’s attendance in this matter, the Law Guardian argues, the petition must be dismissed, as the time the respondent was subject to the warrant must be counted toward the speedy trial deadline. The Presentment Agency disagrees with the Law Guardian’s argument. The court then held a hearing in order to allow the Presentment Agency to demonstrate that they, in fact, exercised due diligence in this matter.
Section 340.1 of the Family Court Act is the speedy trial provisions of the State’s juvenile justice process. Section 340.1 (2) states “If the respondent is not in detention the fact-finding hearing shall commence not more than sixty days after the conclusion of the initial appearance except as provided in subdivision four.” (Emphasis added.) Section 340.1 (4) lists the additional time which may extend the time to begin the fact-finding hearing based on an adjournment for “good cause” and subsequent adjournments for “special circumstances”.
Section 340.1 (7) applies in the situation where a respondent has failed to appear for the fact-finding hearing and the court has issued a warrant for his arrest.[2] In the event that a warrant has been issued when a respondent fails to appear for a fact-finding hearing, “computation of the time within which [the fact-finding] hearing must take place shall exclude the period extending from the date of issuance of the bench warrant for respondent’s arrest because of his or her failure to appear to the date the respondent subsequently appears in court pursuant to a bench warrant or appears voluntarily; provided, *309 however, no period of time may be excluded hereunder unless the respondent’s location cannot be determined by the exercise of due diligence or, if the respondent’s location is known, his or her presence in court cannot be obtained by the exercise of due diligence” (Family Ct Act § 340.1 [7] [emphasis added].) Under section 340.1 (7), in order to exclude the time a respondent was absent from his hearing, two conditions must be fulfilled. First, the court must issue a warrant for the respondent. Second, the Presentment Agency is required to exercise due diligence in their efforts to either locate the whereabouts of a “missing” respondent, or to secure the respondent’s attendance where his or her whereabouts are known to the Presentment Agency. It is the Law Guardian’s contention that since the respondent’s whereabouts were known to the Presentment Agency, they failed to exercise due diligence in order to secure his attendance before this court for his fact-finding hearing. After hearing the testimony presented by the Presentment Agency during a hearing to determine whether or not due diligence was exercised, the court finds itself in agreement with the Law Guardian.
The Presentment Agency presented two witnesses in order to show the court what efforts were made in order to secure the respondent’s attendance before this court, both members of the New York City Police Department. The first, Detective Mulooley of the warrant squad, testified that her efforts did not include any actual field work. Instead, she determined which administrative division of the Police Department had responsibility for the area in which the respondent resided and then forwarded the warrant to an officer there. She then maintained sporadic contact with the police officer charged with dealing with the warrant, usually making contact with the assigned officer on a court day only.
The second witness, Police Officer Martinez, who was the officer directly responsible for executing this warrant, testified that he made no attempt to execute or even investigate this warrant until October 18, 1997, when it was to be included in a planned sweep of City Housing for those who were subject to warrants in matters of domestic violence or juvenile delinquency. Officer Martinez further testified that, because there were five “hits” resulting in arrests before the sweep could reach the respondent, there was no attempt to go to his home in order to execute this warrant that day. Officer Martinez also testified that he did not attempt to contact the school which the respondent attended, nor did he try to make any contact *310 with the respondent at his home after October 18. The sum of the actual work Officer Martinez seems to have done on this warrant was to attempt to check with Detective Mulooley as to the status of the warrant. And this he states he attempted to do by posting a note on the detective’s door at the courthouse.[3] After Officer Martinez testified, the Presentment Agency rested.
The Law Guardian presented one witness, the respondent’s mother, who testified that the respondent was hospitalized for part of the time he was subject to the warrant. She testified that there were no contacts between her and any police officer prior to October 24. Finally, she testified that the respondent was always at home, at the address which was on the warrant and on the petition, except for that time he was hospitalized. The Law Guardian then rested.
As a rebuttal witness, the Presentment Agency presented the testimony of Nina Jody, the attorney in charge of the Presentment Agency’s New York County office. Ms. Jody testified as to a telephone conversation she had with the respondent’s mother on October 16. The witness stated that the respondent’s mother told her that the respondent was home and would appear in court on that date.[4] Neither the respondent nor his mother did in fact appear.
Because this appears to be a matter of first impression within an article 3 delinquency proceeding, there are no cases interpreting the three-year-old amendment to the Family Court Act which imposed the due diligence requirement. In such cases, the Family Court Act permits the court to examine the interpretation of similar provisions of the Criminal Procedure Law for assistance in interpreting provisions of the Family Court Act. (Family Ct Act § 303.1 [2].)[5] Accordingly, the court *311 is turning to cases decided under CPL 30.30 (4) (c)[6] in interpreting the nature of the due diligence standard.
Whether or not the prosecution exercised due diligence in locating a defendant and securing his or her presence before the court is a mixed question of law and fact. (People v Luperon, 85 NY2d 71 [1995].) In seeking to survive a motion to dismiss based on speedy trial grounds, the prosecution bears the burden of showing that the speedy trial deadline had not passed. (People v Brunskill, 192 AD2d 666 [2d Dept 1993].) Accordingly, it is the prosecution’s obligation to demonstrate that due diligence was exercised in either locating an absent defendant or in securing the defendant’s appearance in court.
Due diligence cases each turn on the individual situation presented to the court. In People v Bolden (81 NY2d 146 [1993]), the Court of Appeals held that the prosecution did not exercise due diligence in securing the defendant’s attendance in court where they had an address for him, and failed to demonstrate that his location was unknown or that he was attempting to avoid apprehension.
In People v Marrin (187 AD2d 284 [1st Dept 1992]), the Court stated that the police are required to exhaust all reasonable investigative leads in order to locate the defendant. In People v Walker (133 AD2d 2 [1st Dept 1987]), the Court, although holding that the defendant was attempting to avoid apprehension or prosecution thereby relieving the prosecution of their due diligence obligation, called the police efforts to locate the defendant a “close question”. While the police in Walker visited the defendant’s home three times over a three-month period and did some record checking, they failed to investigate three leads contained in the court file.
In People v Andine (214 AD2d 373 [1st Dept 1995]), the Court characterized the police actions of canvassing the defendant’s neighborhood for him four times, obtaining a photographic identification of him from the victim and then telling the victim to call if she saw the defendant as minimal at best. Although *312 he had a photograph of the defendant, knew his aliases and the places where he hung out, the detective assigned the case closed his file after six weeks. The court clearly held that the prosecution had not exercised due diligence in securing this defendant’s appearance in court over the five-year period the warrant was outstanding.
In People v Allah (202 AD2d 599 [2d Dept 1994]), the Court found that the prosecution exercised due diligence in securing the defendant’s presence before the trial court. Here, the police checked with the defendant’s probation officer and learned that he wasn’t reporting there. They interviewed his wife on several occasions and were told that she threw him out upon learning of his crimes. She also told them he was homeless and living in subway cars. The police interviewed the defendant’s father and the neighborhood’s letter carrier. They searched homeless shelters, soup kitchens and areas where the homeless congregated. Finally, they set up several surveillances, one of which finally turned the defendant up.
Finally, in People v Maldonado (210 AD2d 259 [2d Dept 1994]), the Court found due diligence was demonstrated by the police in attempting to locate him by visiting his last known address, and his sister’s home. They also checked with governmental agencies which might turn up an address or other lead, such as the Department of Motor Vehicles and the Human Resources Administration.
What is clear from all of these cases is the prosecution must demonstrate that all known leads were exhausted in order to locate the defendant. At minimum, the police should at least check the accused’s home. The record before this court is clear that the first attempt to knock on the respondent’s door was on the day he was arrested pursuant to the warrant. Even after he failed to come into court on October 16, the Presentment Agency chose to remain passive and allowed the Police Department to set the schedule for executing the warrant. No one went to the respondent’s home until it was convenient for the officer to do so. It is unfortunate that the only attempt made to execute this warrant was on the 100th day after the respondent’s initial appearance in this matter. That the Presentment Agency was in possession of the warrant from the 69th day after the initial appearance makes this an inexcusable lack of any effort whatsoever to have this warrant executed. That the Presentment Agency was able to confirm the respondents actual whereabouts on the 92nd day after the initial appearance and then relied on his mother to bring him into court that *313 day places them in a completely untenable position on the question of diligent efforts.[7] Such passivity on the part of the Presentment Agency demonstrates an absolute lack of any effort to secure this respondent’s presence before this court.
Having found that the Presentment Agency did not exercise due diligence in securing the respondent’s attendance before this court, the 31 days he was subject to the warrant are not excluded for purposes of speedy trial. The Presentment Agency argues that this period represents a minimal period to execute this warrant when compared to the time it has taken to execute warrants in other cases. Unfortunately, they miss the most important point. When faced with a speedy trial deadline, the prosecution must demonstrate that a block of time is excludable. The lack of their due diligence precludes such a showing no matter how many days the warrant was outstanding, and the entire period this warrant was outstanding must be counted towards the speedy trial limit.
This court is bound by the strict provisions contained in section 340.1. The Court of Appeals has clearly stated that section 340.1 of the Family Court Act is a “true” speedy trial statute (as opposed to the readiness requirement of CPL 30.30) and the deadlines within the statute must be complied with strictly. Failure to commence the fact-finding hearing within the requisite period of time can only result in the dismissal of this petition.[8] (Matter of Frank C., 70 NY2d 408 [1987].)
Accordingly, the Law Guardian’s motion to dismiss this petition because of a violation of the respondent’s right to a speedy fact-finding hearing is granted.

. The court may issue a warrant directing that the respondent be brought to the court when he fails to appear for any stage of the proceeding. (Family Ct Act § 312.2 [1] [e].)

. While the court finds Officer Martinez’s testimony credible in the main, the court does not find that this part of his testimony was credible at all.

. The apparent context of this conversation was a misunderstanding by the respondent’s mother as to which office Ms. Jody supervised, as the call included a request that a different Legal Aid Law Guardian be assigned to handle her son’s case because she was unhappy with the assigned Law Guardian’s representation of her son. It seemed the respondent’s mother believed she was talking to the Legal Aid supervisor.

. “A court may * * * consider judicial interpretations of appropriate provisions of the criminal procedure law to the extent that such interpretations may assist the court in interpreting similar provisions of this article.” (Family Ct Act § 303.1 [2].)

. “In computing the time within which the people must be ready for trial pursuant to subdivisions one and two, the following periods must be excluded * ** *
“(c) (i) the period of delay resulting from the absence or unavailability of the defendant. A defendant must be considered absent whenever his location is unknown and he is attempting to avoid apprehension or prosecution, or his location cannot be determined by due diligence. A defendant must be considered unavailable whenever his location is known but his presence for trial cannot be obtained by due diligence”. (CPL 30.30 [4] [c] [i].)

. It is particularly egregious that the Presentment Agency, having a copy of the warrant and knowing the respondent’s exact whereabouts, chose to allow his mother, who had already demonstrated her irresponsibility in not getting the respondent to court on time on a prior occasion and in not calling at all on the day the warrant was issued, to bring him to court rather than having him arrested pursuant to the warrant.

. The court finds it highly distasteful to have to reach a result where the respondent gets to benefit from his malfeasance in not returning to face this matter, but there is no discretion involved when dealing with a speedy fact-finding violation. If the deadline passes and the hearing has not commenced, the petition must be dismissed.