Memorandum. There should be an affirmance of the order of the Appellate Division, which affirmed a judgment of the County Court of Monroe County convicting defendant, after trial, of criminal sale of a dangerous drug in the third degree.
At the time of defendant’s indictment on October 27, 1972 he was incarcerated in the Monroe County Jail on another charge, violating parole. In proceedings relating to this indictment, an adjournment was taken on February 21, 1973 to March 6, 1973 because defense counsel was "out of town”. In the interval and on February 28, 1973 defendant was inadvertently released from the county jail and, on March 6, 1973 *625 when defendant failed to appear, a bench warrant was issued. He was free until arrested on October 19, 1973, and on November 30, 1973 the matter was placed upon the Trial Calendar.
During the period after defendant’s release and prior to arrest, defendant worked in a parking lot in close proximity to the county jail. It was indicated by defendant’s admission that he was waiting for the authorities to come and get him but "they never came”. There was a basis for exclusion, under the "six months rule” computation, of the period of almost seven and one-half months, from release to arrest, when it could be found that defendant’s location was unknown and he was attempting to avoid prosecution (CPL 30.30, subd 4, par [c]).
It further appears from the record thát on January 4, 1974, the matter was adjourned for "pre-plea” consideration to January 10, 1974 and on the latter day it was again adjourned for that purpose to January 17, 1974, these adjournments being at defendant’s request or with his consent. On the 17th, it was adjourned a week to enable defendant to engage a new attorney. On the 24th, the matter was added to the Motion Calendar and on February 24, 1974, the matter was again placed upon the Trial Calendar. Since it appears that the prosecution was ready for trial on November 30, 1973 (CPL 30.30, subd 1, par [a]) and that the delays occasioned thereafter, more particularly after January 4, 1974, were at the request or with the consent of defendant and for the purpose of pretrial motions, the period from November 30 to February 24, 1974 was properly excluded (CPL 30.30, subd 4, pars [a],
M).
After the warranted exclusion of these periods, the County Court was justified in denying the motion to dismiss.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order affirmed in a memorandum.