■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ANDRE QUILES, Also Known as ANDRE FERNANDEZ-QUILES, Respondent.—Order, Supreme Court, Bronx County (Irene J. Duffy, J.), entered June 25, 1990, dismissing the indictment charging defendant with criminal possession of a weapon in the third degree, on the ground that his right to a speedy trial had been denied, pursuant to CPL 30.30 (4) (c), unanimously affirmed.

Of 258 days chargeable to the People, the People challenge, on appeal, an 86-day-period between August 17 and November 11, 1988. The relevant facts establish that a bench warrant was issued on July 26, 1988, when defendant, after arraignment, failed to appear. As of August 17, 1988, the People, pursuant to a stipulation of facts, conceded that a criminal

history search of that date revealed or should have revealed to the District Attorney's Office that defendant was known by an alias and had been known at an address other than one provided by him in connection with his arrest. The investigating police officer testified, at the hearing, that between August 17 and November 11, 1988, he ran computer checks based only upon pedigree information provided by defendant, but which did not include the alias and other address provided by defendant in connection with a prior arrest.

CPL 30.30 (4) (c), as amended in 1984, provides that in computing time within which the People must be ready for trial, certain periods must be excluded, including the period of delay resulting from the absence or unavailability of defendant and the period between issuance of a bench warrant and the day the defendant appears in court. The People failed to bear their burden of demonstrating the defendant was either "absent" or "unavailable" as those terms are defined by statute. The People's arguments that the 1984 amendment to CPL 30.30 (4) (c) relieved the prosecution of demonstrating due diligence must be rejected. The only circumstance where due diligence need not be established is where defendant may be deemed absent because his location is unknown and he is attempting to avoid apprehension or prosecution. Here, the People conceded that defendant's location, at either of two addresses, was known as early as August 17, 1988. Also, the People bear the burden of establishing that although defendant's location is known, his presence for trial cannot be obtained by due diligence. The minimal attempts to secure defendant's presence for trial between August 17 and November 11, 1988, which did not include an attempt to locate defendant at a known address, did not constitute the exercise of due diligence (cf., *People v Jackson,* 150 AD2d 609, *lv denied* 74 NY2d 811). Accordingly, the 86-day period during which the People failed to demonstrate defendant was either absent or unavailable is chargeable to the People and the trial court correctly dismissed the indictment on speedy trial grounds. Concur—Murphy, P. J., Ross, Asch, Kassal and Smith, JJ.