■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROLANDO DELACRUZ, Appellant.—Motion for reargument granted insofar as to recall and vacate the unpublished decision and order (Appeal No. 46654) of this Court entered on November 10, 1992, and to substitute therefor a new decision and order as follows:

Judgment, Supreme Court, Bronx County (Joseph Mazur, J.), rendered July 7, 1989, convicting defendant, after a non-

jury trial, of criminal sale and possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 5 to 10 years imprisonment, reversed on the law, the sentence is vacated and the indictment dismissed. The matter is remitted to the trial court for the purpose of entering an order in favor of the accused pursuant to CPL 160.50, not less than 30 days after service of a copy of this Court's order upon the respondent, with leave during this 30 day period to respondent to move and seek any further stay of the implementation of CPL 160.50 as in the interest of justice is required.

At issue are several periods of delay, whose attribution is determinative of whether defendant was denied a speedy trial. Six hundred sixty-seven days elapsed from defendant's arraignment on the accusatory instrument in August 1987 until commencement of trial in June 1989, of which 210 are indisputably excludable under CPL 30.30 (4) (a), (b) and (f). Of the remaining 457 days, 302 are in dispute. Sixty-four of those 302 days comprised three periods of adjournment (May 16 to June 1 and September 15 to October 9, 1988, and March 3 to 24, 1989) for which the record neither identifies the requesting party nor reveals the reason for the requested delay. If these 64 days were crucial to the speedy trial determination, defendant would be entitled to a hearing on the issue *(People v Santos,* 68 NY2d 859), notwithstanding the absence of any indication that defendant had objected to these adjournments *(People v Liotta,* 79 NY2d 841).

The remaining 238 days of delay, between issuance of a bench warrant for defendant's failure to appear in court in September 1987 and vacatur of that warrant upon defendant's return in April 1988, are thus decisive of the speedy trial issue. Unfortunately, the standards laid down by the controlling statute are not free from difficulty in proper construction.

CPL 30.30 (4) (c) excludes periods of delay resulting from the "absence" of a defendant, which is defined as "whenever his location is unknown and he is attempting to avoid apprehension or prosecution, or his location cannot be determined by due diligence." In other words, short of clear indication that the defendant is knowingly seeking to avoid return to court—e.g., evidence of his use of an alias or his flight from the jurisdiction *(People v Brazeau,* 162 AD2d 979, 980, *lv denied* 76 NY2d 891; *People v Shannon,* 128 AD2d 395, 397)—the only way to determine a defendant's "absence" is by conducting a duly diligent search for him. In 1984, CPL 30.30 (4) (c) was amended to provide an alternative for excluding a period of

delay attributable to a defendant's absence. Where such absence results from the defendant's escape from custody or failure to return on bail or his own recognizance, *and* a bench warrant is issued for his return, the period from issuance of the warrant until return is excludable. However, that alternative still requires a showing of conformity with the definition of "absence" (CPL 30.30 [4] [c])—i.e., (a) the defendant's location unknown and prosecutorial awareness that he is attempting to avoid apprehension/prosecution, or (b) the defendant's location unable to be determined by due diligence.*

"Absence" is thus a necessary element under either of the subdivision (4) (c) alternatives. For some reason, the People failed, in opposing the motion to dismiss, to allege that defendant had been "absent", as required by statute. The question is whether "absence" as defined can be assumed from the issuance of a bench warrant.

The contested 238 days followed issuance of the bench warrant referred to in the 1984 amendment to CPL 30.30 (4) (c), and one might surmise that no bench warrant would issue save for a defendant who is already "absent". But absence is a term of art, for which the statute contains its own definition—again, where a defendant's location is unknown and there is reason to believe he is attempting to avoid apprehension/prosecution, or where his location cannot be determined by due diligence.

The burden is on the People to prove defendant was knowingly trying to avoid apprehension/prosecution, or that they were unable to locate him despite a duly diligent search. The record—in particular, the People's response to defendant's CPL 30.30 motion—is devoid of any reference to evidence in satisfaction of either of those conditions. Therefore, those 238 days should not have been excluded.

Since the possessory count apparently involves the very same quantity which is the subject of the sale count, this circumstance would independently warrant dismissal of the former in the interest of justice *(People v Medina,* 171 AD2d 559, *lv denied* 78 NY2d 924; *People v Snyder,* 154 AD2d 269 *lv denied* 75 NY2d 776). Concur—Wallach, J. P., Asch and Rubin, JJ.

---

* As we have held in *People v Marrin* (187 AD2d 284), the bench warrant exclusion is not automatically dependent on a duly diligent search. By the same token, the due diligence test is dispensed with only where defendant can be deemed absent "because his location is unknown and he is attempting to avoid apprehension or prosecution" *(People v Quiles,* 176 AD2d 164, 165).

Kupferman, J., dissents in part in a memorandum as follows: The main period in dispute is 238 days, between the time the bench warrant was issued on September 4, 1987 and the date it was vacated on April 29, 1988. If this period is deemed excludable, then when taken in conjunction with the clearly excludable days, the trial would have commenced well within the 184-day period, even without considering other disputed periods or methods of computation.

As the majority opinion recognizes, in 1984 CPL 30.30 (4) (c) was amended to provide an alternative for excluding a period of delay attributable to a defendant's absence.

There is no indication other than that the bench warrant was issued due to the absence of the defendant. There is no contention that the defendant was available and ready for trial. There is no basis alleged for going behind the bench warrant itself.