OPINION OF THE COURT
Titone, J.
CPL 30.30 (4) (c) excludes certain periods during which the defendant is "absent” or "unavailable” from the time in which the People must otherwise become ready for trial. In 1984, the Legislature amended that paragraph to expand the scope of its exclusion (L 1984, ch 670). The issue in this appeal is whether the previously existing requirement that the People must exercise "due diligence” in locating an "absent” defendant or obtaining an "unavailable” defendant’s presence applies to cases arising under the amendment. We hold that, far from exempting such cases from the "due diligence” requirement, the amendment expressly incorporates it. Accordingly, the People cannot obtain the benefit of the exclusion in these circumstances without satisfactorily demonstrating their compliance with that precondition.
The underlying facts are not in dispute. Defendant was arraigned on a felony complaint charging him with first degree robbery and related offenses on September 19, 1987. Three days later, he was released on his own recognizance (see, CPL 180.80). The felony complaint was subsequently replaced by an indictment that was filed on November 13, 1987. Defendant failed to appear for his arraignment on that indictment, which was scheduled for November 24, 1987. On December 7, 1987, a bench warrant for defendant’s arrest was issued. Defendant was not returned to court on the warrant until April 28, 1988, which was some 143 days after the *149 warrant’s issuance. The People did not declare their readiness on the record at any point during this period.
On May 10, 1988, defense counsel moved to dismiss the indictment under CPL 30.30, arguing that there had been a total of 198 unexcused days of delay attributable to the People and that, consequently, the People had failed to satisfy the statutory six-month readiness requirement. With regard to the 143-day period between the issuance of the bench warrant and defendant’s return on that warrant, defense counsel asserted that "[d]uring that time, the defendant’s location [at a specified address] was known to the prosecution and defendant’s presence could have been obtained had the prosecution exercised due diligence.” The People’s only response was that the entire period in question was excludable from the People’s time to become ready because "[i]n light of the 1984 statutory amendment to [CPL] § 30.30 (4) (c), due diligence need not be shown.” The People did not dispute defense counsel’s factual assertions concerning defendant’s whereabouts during the contested period. Additionally, they did not dispute the contention that they should be charged with the 55-day period between defendant’s initial arraignment on the felony complaint and the November 13, 1987 filing of the indictment.
The trial court adopted the People’s position and denied defendant’s dismissal motion. The court observed that the 1984 amendment on which the People relied had been enacted "to exclude from statutory speedy-trial considerations, the period of time during which a bench-warranted defendant voluntarily fails to appear in court.” Thus, the court concluded, the need for the People to demonstrate due diligence in attempting to secure the defendant’s return had been "obviated.”
Defendant was subsequently tried before a jury and convicted of attempted first degree robbery and fourth degree criminal possession of a weapon. On appeal, the Appellate Division, Second Department, upheld the judgment of conviction, holding that the 1984 amendment to CPL 30.30 (4) (c) had been intended to eliminate any "due diligence” requirement in these circumstances (174 AD2d 111). The Court specifically rejected the First Department’s holding in People v Quiles (see, 176 AD2d 164), in which the contrary conclusion had been reached (174 AD2d, at 116, n). Defendant then took a further appeal by leave of a Judge of this Court. We now reverse the order of the Second Department and hold that the *150 People’s failure to exercise due diligence in attempting to locate defendant or secure his presence is fatal to their claim for an exclusion under CPL 30.30 (4) (c).
CPL 30.30 requires that the People become ready for trial within six months of the commencement of a felony prosecution, subject to certain enumerated exclusions. Among those exclusions is the one described in CPL 30.30 (4) (c), which, as originally enacted, excepted from the time in which the People must become ready "the period of delay resulting from the absence or unavailability of the defendant” (emphasis supplied). As amended in 1984 (L 1984, ch 670), the paragraph now also permits an exclusion for "the period extending from the day the court issues a bench warrant * * * to the day the defendant subsequently appears in the court” in situations "where the defendant is absent or unavailable and * * * has previously been released on bail or on his own recognizance” (emphasis supplied). The paragraph’s final clause provides:
"A defendant must be considered absent whenever his location is unknown and he is attempting to avoid apprehension or prosecution, or his location cannot be determined by due diligence. A defendant must be considered unavailable whenever his location is known but his presence for trial cannot be obtained by due diligence” (emphasis supplied).
The first issue in this appeal is whether this definitional clause, which was part of the statute before 1984, was intended to apply to the class of "absent” or "unavailable” defendants referred to in the amendment, as well as to the "absent” or "unavailable” defendants referred to in the preexisting portion of the statute. The second issue is whether this clause, if applicable, was intended as the exclusive definition of the statutory terms "absent” and "unavailable” in these circumstances. The underlying question is whether the final clause’s requirement that the People exercise "due diligence” in attempting to locate an "absent” defendant or secure the presence of an "unavailable” one is applicable where a bench warrant has been issued and remains outstanding.
Despite the seemingly clear language of the statute, the People contend that the clause defining "absence” and "unavailability,” which includes the "due diligence” requirement, was not intended to apply to claims for exclusion based on the 1984 amendment. According to the People, "absence” and *151 "unavailability” under the amendment mean something different than they mean elsewhere in the subdivision. In the People’s view, a defendant is "absent” or "unavailable” within the meaning of the amendment simply because he has escaped or failed to appear in court when required. However, there is no support for the premise that "absent” and "unavailable” mean one thing when the period of delay in question involves an outstanding bench warrant and something else when the delay merely "resulted] from” the defendant’s absence or unavailability.
Initially, the argument the People advance is inconsistent with basic principles of statutory construction. It is elementary that "where the same word or phrase is used in different parts of a statute, it will be presumed to be used in the same sense throughout, and the same meaning will be attached to similar expressions in the same or a related statute” (McKinney’s Cons Laws of NY, Book 1, Statutes § 236, at 401; see, Mangam v City of Brooklyn, 98 NY 585).
Furthermore, it is unreasonable to suggest that the Legislature, which was at pains to provide a statutory definition for "absent” and "available” when it initially enacted CPL 30.30 (4) (c), would ignore the structure it had created and use those exact terms in a different sense when it amended that paragraph. Such an inference is particularly far-fetched in this context, where the statute in question is detailed, precisely worded and contains numerous interlocking provisions. Given the Legislature’s precision in drafting all of the other subdivisions of CPL 30.30, the Legislature would undoubtedly have used different words if it intended the terms "absent” and "unavailable” to have a different meaning.
Further, contrary to the dissenter’s contentions, there is nothing in the legislative history or the circumstances surrounding the enactment of the 1984 amendment to suggest that the Legislature intended not to incorporate the statute’s requirement of prosecutorial "due diligence” into the amendment’s new exclusion for periods of "absence” and "unavailability” that are accompanied by outstanding bench warrants. It is beyond dispute that the 1984 amendment to CPL 30.30 (4) (c) was intended to overrule this Court’s decision in People v Sturgis (38 NY2d 625), in which it was held that the exclusion for periods of the defendant’s absence should not be applied where there was no causative relationship between the defendant’s absence or unavailability and the People’s delay in *152 preparing their case (see also, People v Colon, 59 NY2d 921).[1] This holding was based directly on the language of CPL 30.30 (4) (c), which at that time provided for an exclusion only for periods of delay "resulting from” the defendant’s absence or unavailability.
The Sturgis holding created what some policy-makers perceived as an untoward consequence, in that it "forced [prosecutors] to present cases to grand juries even after defendants have jumped bail” (Governor’s Program Bill Mem, Bill Jacket, L 1984, ch 670; but cfi, People v Bratton, 65 NY2d 675, affg 103 AD2d 368). Accordingly, the Governor proposed, and the Legislature passed, an amendment to CPL 30.30 (4) (c) whose specific purpose was "to correct [the] problem created by the * * * decision in People v. Sturgis” (Governor’s Approval Mem, 1984 McKinney’s Session Laws of NY, at 3628; see also, Mem from Attorney-General Robert Abrams, June 8, 1984, Bill Jacket, op. cit). The specific mechanism chosen to accomplish that goal was the addition of narrow language exempting from the "resulting from” proviso those cases in which the absent or unavailable defendant had previously been released on bail or recognizance and was the subject of an outstanding bench warrant. Nothing in the language or history of the amendment suggests an intent to delete, rather than incorporate, the preexisting requirement of prosecutorial diligence.
Indeed, since the holding in Sturgis did not concern the "due diligence” requirement of CPL 30.30 (4) (c), the most that can be said is that the drafters of the Sturgis amendment were unconcerned about that aspect of the exclusion. Thus, notwithstanding the dissenter’s arguments, no inferences can be drawn from the fact that several of the memoranda in the Bill Jacket use formulations such as "escape[ ] from custody” *153 or "fail[ure] to appear in court when required” and do not specifically repeat the statutory "due diligence” element in connection with their use of the terms "absent” and "unavailable” (see, e.g., Governor’s Approval Mem, 1984 McKinney’s Session Laws of NY, at 3628). In fact, to the extent that any of the memoranda in the Bill Jacket do focus on the requirement of prosecutorial "due diligence,” they assume without extended discussion that that requirement would continue to be applicable (Letter from Off of Ct Admin, July 18, 1984, Bill Jacket, op. cit.; Letter from Richmond County Dist Attorney, June 13, 1984, Bill Jacket, op. cit.). The fact that these memoranda also advocate additional legislation to eliminate the "due diligence” requirement — a fact on which the dissent relies — only serves to strengthen our conclusion that the 1984 amendment was not itself directed toward accomplishing that result.
To be sure, the legislative goal underlying the enactment of the Sturgis amendment was, as the Appellate Division observed, "to lessen the People’s burden in discharging their 'speedy trial’ obligation where a defendant has absconded” (174 AD2d, at 115, supra; see, 1984 Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 30.30, 1992 Supp Pamph, at 64-65). However, the specific burden that the amendment was aimed at reducing was the People’s duty to show a causative relationship between the defendant’s absence and their delay, not their wholly independent duty to show "due diligence” in locating or producing the defendant.[2]
We also reject the People’s alternative argument that, despite CPL 30.30 (4) (c)’s language, the courts are free to consider defendants to be "absent” or "unavailable” in "other unspecified circumstances,” including those in which no prosecutorial diligence has been shown. Even assuming that CPL 30.30 (4) (c)’s definition of "absent” and "unavailable” defendants was not intended to be exhaustive, as the People contend,[3] it would defy common sense to suggest that the Legisla *154 ture, which was at pains to incorporate a requirement of prosecutorial diligence where the defendant’s "location cannot be determined” or "his presence for trial cannot be obtained,” also intended to include as "other unspecified circumstances” cases that would fit the statutory definition but for the absence of the diligence element.
The People’s final argument concerns the impracticality of requiring them to make diligent efforts to enforce bench warrants as a condition to invoking the exclusion provided by the 1984 amendment. In support of this argument, the People point out that in 1991 there were a total of 435,574 bench warrants outstanding in New York City and that fully a third of these had been issued in the preceding year alone. Further, in an argument that has been adopted by the dissent, the People stress what they perceive as the undesirable consequences of permitting absconding defendants to benefit from their own misconduct by obtaining CPL 30.30 dismissals for delays occurring during periods when they have absented themselves. Such arguments, however, entail questions of policy that go well beyond the question of statutory construction that we are empowered to resolve on this appeal. Where a statute is clear and unambiguous, our role is limited to ensuring that the Legislature’s will is implemented. Unambiguous statutes must be read as written, unless changed circumstances have rendered it anachronistic (Doctors Council v New York City Employees’ Retirement Sys., 71 NY2d 669, 674-675).
In this instance, the legislative design is clear. By adopting the 1984 amendment to CPL 30.30 (4) (c), the Legislature relieved the People of their burden of showing a causative relationship between the defendant’s absence and their delay, but the quid pro quo was that the People had to obtain a bench warrant as precondition for availing themselves of the relaxed burden of proof. Manifestly, having taken the trouble to inject the new requirement of a bench warrant into the equation, the Legislature did not intend the bench warrants to be treated as empty paper symbols. Nor did it contemplate that our law enforcement authorities would be relieved of their obligation to attempt to enforce judicially issued process because of the large number of outstanding bench warrants or the limited chances of success. To the contrary, the more plausible inference is that the Legislature expected and intended that the People would exercise "due diligence” in the enforcement of the bench warrants that the new statute required. To the extent that the People perceive such an *155 expectation to be unrealistic or unworkable, their arguments would be more appropriately addressed to the Legislature, which has the authority to make the necessary policy choices.[4] Contrary to the People’s contentions, it is hardly an absurd result from the judiciary’s perspective for this, the State’s highest Court, to adopt a construction requiring the People to make reasonable efforts to enforce the warrants issued by the lower court Judges of this State.[5]
In sum, both the legislative history and the unambiguous language of CPL 30.30 (4) (c) point inexorably to the conclusion that prosecutorial diligence in locating the defendant and/or securing his presence must be shown in order to invoke the exclusion for periods when the defendant was "absent” or "unavailable” and a bench warrant for his apprehension was outstanding. Here, no such showing was made. In fact, the People did not even attempt to refute defendant’s claim that his address was known to the People during the entire period in question and that his presence could have been secured had the People exercised the required diligence. Nor did they attempt to show that defendant’s "location [wa]s unknown and he [wa]s attempting to avoid apprehension or prosecution,” a circumstance that would not require a showing of due diligence under the literal terms of the statute (CPL 30.30 [4] [c]). To the extent that the People now attempt to bring themselves within this category, their claim is unpre *156 served and is therefore not cognizable in this Court (see, e.g., People v Cortes, 80 NY2d 201).
In the absence of any statutorily cognizable ground for doing so, the 143-day period when a bench warrant for defendant’s apprehension was outstanding should not have been excluded from the People’s time to become ready. And, since this period, when added to the 55 other days of unexcused delay, exceeds the six-month period in which the People were statutorily required to become ready under CPL 30.30, the indictment against defendant should have been dismissed.
Accordingly, the order of the Appellate Division should be reversed, defendant’s motion to dismiss granted and the indictment dismissed.

. The dissenter’s reliance on People v Patterson (38 NY2d 623) is puzzling. First, since that decision was published in 1976, it could have no bearing on the meaning or significance of the 1984 amendment to CPL 30.30 (4) (c). Second, and more importantly, the outcome in Patterson was premised on the existence of a period "when it could be found that defendant’s location was unknown and he was attempting to avoid prosecution (CPL 30.30, subd 4, par [c])” (38 NY2d, at 625 [emphasis supplied]). Under the plain language of the statute as it existed both before and after the 1984 amendment, the quoted language constitutes a separate and independent ground for categorizing a defendant as "absent,” without regard to whether the People have exercised "due diligence.” Thus, the holding in Patterson has no relevance to this dispute, in which the People did not even attempt to argue in the trial court that defendant was "attempting to avoid prosecution” by his absence.

. Contrary to the dissenter’s argument (dissenting opn, at 158), our holding does not in any way "increase” the People’s burden. Rather, it simply leaves intact the burden they had before the 1984 amendment of showing "due diligence” as a precondition to claiming excludable time under CPL 30.30 (4) (c).

. We express no opinion at this point as to whether, as a general proposition, there may be circumstances other than those enumerated in the statute when a defendant may be considered "absent” or "unavailable” for the purpose of determining the People’s entitlement to the exclusion set forth in CPL 30.30 (4) (c).

. Similarly, the dissenter’s suggestion that legislation such as CPL 30.30 and Family Court Act § 340.1 "provides inducements to incorrigibility and disregard for the law and its processes” (dissenting opn, at 157) involve matters of policy that are exclusively within the legislative province. We note only that CPL 30.30, the statute at issue here, was designed to regulate the conduct of prosecutors, not criminal offenders, and that, consequently, our interpretative efforts must be directed toward encouraging prosecutorial compliance, rather than to the larger goal of deterring crime. Further, no legislative choice or decision of this Court relating to a technical provision like CPL 30.30 or Family Court Act § 340.1 could promote "incorrigibility and disregard for the law” as much as the conceded inability of the State to enforce judicially issued bench warrants and the equally disturbing suggestion that we should construe CPL 30.30 (4) (c) so as to accommodate and excuse that shortcoming.

. Contrary to the dissenter’s expressed views, our interpretation of CPL 30.30 (4) (c) does not relieve absconders of "their singularly personal responsibility to honor the original court process” nor does it "make[ ] it worthwhile for defendants to abscond” (dissenting opn, at 156, 159). What the dissenter overlooks is that the law already provides substantial penalties in the form of criminal sanctions for the offense of bail jumping (see, Penal Law §§ 215.55-215.57; see also, § 70.25 [2-c] [requiring sentence for bail jumping to run consecutively absent "mitigating circumstances”]).