■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RAFAEL BARASSO, Also Known as RAMON PALACIOS, Also Known as JULIO LEMOS, Also Known as JULIO LAMOS, Respondent. [597 NYS2d 681] —Order, Supreme Court, New York County (Edwin Torres, J.), entered August 8, 1991, dismissing the indictment on the ground that defendant's statutory right to a speedy trial pursuant to CPL 30.30 had been violated, unanimously affirmed.

Defendant was arraigned on a felony complaint on July 13, 1988. Although a bench warrant issued in an earlier prosecution was pending against defendant under another name, its existence was not discovered, and defendant was released on his own recognizance. The following day, he was arrested on other charges, unconnected to the instant indictment, and provided the police with a different name and birth date. This time, the outstanding bench warrant was discovered, and defendant was incarcerated, eventually pleading guilty to burglary and serving a term of 1 to 3 years in a New York prison. Nevertheless, the People remained unaware of defendant's incarceration, and did not locate defendant until after his release, on August 1, 1990. Indeed, when this matter was called and defendant's absence noted, the People were unaware that defendant was actually in the very same courtroom, appearing in connection with the two other pending indictments. The failure to link all three cases ostensibly resulted from defendant's use of various names and birth dates, and an apparent computer error but, be that as it may, it is now clearly established that the issuance of a bench warrant does not excuse the People's obligation to exercise

due diligence in attempting to locate the defendant *(People v Bolden,* 81 NY2d 146). Given that defendant was incarcerated until July 10, 1989, the efforts made to locate him between September 22, 1988 and February 1, 1989, which consisted of checking certain addresses, speaking to the complainant, and running computer searches, cannot be said to constitute due diligence. Accordingly, defendant's motion to dismiss the indictment on speedy trial grounds was properly granted. Concur—Murphy, P. J., Ellerin, Wallach and Asch, JJ.