■ The People of the State of New York, Respondent, v Julius Mace, Appellant. [614 NYS2d 416] —Judgment, Supreme Court, New York County (Ira Beal, J., at trial and sentence; Herbert Adlerberg, J., at CPL 30.30 motion) rendered September 22, 1992, convicting the defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to an indeterminate term of 4½ to 9 years imprisonment, unanimously reversed, on the law, the defendant's CPL 30.30 motion is granted, and the indictment is dismissed. The matter is remitted to the trial court for the purpose of entering an order in favor of the accused pursuant to CPL 160.50, not less than 30 days after service of this order upon the respondent, with leave during this 30 day period to respondent to move and

seek any further stay of the implementation of CPL 160.50 as in the interest of justice is required.

At issue on this appeal is whether the 46-day period from June 21, 1990 to August 6, 1990, during which time the defendant failed to appear for Supreme Court arraignment, resulting in the issuance of a bench warrant and defendant's return on August 6, 1990, is chargeable to the People in considering defendant's CPL 30.30 motion (speedy trial). The parties agree that 143 days were properly charged to the People; thus, if the disputed 46 days are also chargeable to the People, the total would exceed the six-month period that the People are statutorily allowed.

In their response to defendant's CPL 30.30 motion the People did not allege that his location was unknown and that he was attempting to avoid apprehension or prosecution, or that his location could not be determined with due diligence, or that his location was known but his presence for trial could not be obtained by due diligence, as required by CPL 30.30 (4) (c) for such time to be deemed excludable. The People asserted, and the motion court held, that the 46-day period was excludable merely because a bench warrant had been issued.

Subsequent to the motion court's rendering of its decision, this Court and the Court of Appeals held that the "due diligence" requirement applies even when a bench warrant has been issued, unless the defendant's location was unknown and he was attempting to avoid apprehension or prosecution *(People v Quiles,* 176 AD2d 164, 165 [1991]; *People v Bolden,* 81 NY2d 146, 155 [1993]).

The People urge on this appeal, and in a motion to be decided herewith, that the record on appeal should be enlarged to include materials that demonstrate the requisite due diligence, or that the case be remanded for a hearing on this issue and the appeal held in abeyance pending its outcome. We believe the People should not be afforded a "second bite of the apple" under these circumstances, especially in view of the fact that the statutory language was repeatedly held to be clear and unambiguous in *Bolden (supra,* at 154-155), and the defendant explicitly placed due diligence in issue in his motion papers. Since the People, in their response to the defendant's motion, did not allege sufficient grounds for excluding the time in question under any fair reading of the statute, they clearly did not satisfy their burden of proving that the time should be excluded *(see, People v Berkowitz,* 50 NY2d 333, 349; *People v Santos,* 68 NY2d 859, 861). The People's

new claim that due diligence was exercised was not preserved for review *(People v Cortes,* 80 NY2d 201, 213, n 6, 214, n 7, 216, n 10, 217, n 12).

Accordingly, the People's motion to enlarge the record is denied, defendant's CPL 30.30 motion is granted, the judgment of conviction is reversed, and the indictment is dismissed. Concur—Sullivan, J. P., Carro, Wallach, Rubin and Williams, JJ.