OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 Appellant claims that he was denied his statutory ready trial right (CPL 30.30) and, thus, that his indictment should be dismissed. His trial motion alleged in bare conclusory terms that "his [constitutional right to a speedy trial ha[d] been denied.” The People urged denial of the motion on the ground that there was no CPL 30.30 violation in that defendant was "absent” within the statutory exclusion period
 
 (see,
 
 CPL 30.30 [4] [c]). The People claimed defendant’s location was
 
 *928
 
 unknown and that he also attempted to avoid apprehension. Defendant did not respond and never identified "any legal or factual impediments to the use of [this] exclusion[ ]”
 
 (People v Luperon,
 
 85 NY2d 71, 78). The trial court denied defendant’s motion and the Appellate Division affirmed the conviction, after a jury verdict, for criminal possession of a weapon (202 AD2d 212).
 

 Appellant’s argument before this Court, on an appeal from the Appellate Division order, is that his location was presumptively known to the police when he was arrested on an unrelated charge, despite the use of different names, Social Security numbers and other varying identification aspects. Since that issue and legal theory were never raised before the trial court, the contention is not preserved
 
 (see,
 
 CPL 470.05 [2];
 
 People v Luperon, supra).
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 Order affirmed in a memorandum.