■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAEL BIAZ, Appellant. [635 NYS2d 616] —Judgment of the Supreme Court, New York County (James Leff, J., at trial and sentencing), rendered October 29, 1992, which convicted defendant, after jury trial, of criminal sale of a controlled substance in the third degree, and sentenced him to an indeterminate term of imprisonment of from 6 to 18 years, unanimously reversed, and the indictment dismissed.

On April 4, 1990, defendant Rafael Biaz, acting in concert with Michael Clark, sold three vials of cocaine to an undercover police detective. The two were immediately arrested and, on April 20, 1990, were jointly indicted on one charge of criminal sale of a controlled substance in the third degree. Defendant was released on his own recognizance and failed to make a court appearance scheduled for June 11, 1990. His parole was thereupon revoked and a bench warrant issued. (Clark subsequently pleaded guilty to attempted criminal sale of a controlled substance in the fourth degree and, on May 29, 1991, was sentenced to a prison term of 2 to 4 years.)

On February 8, 1990, two months before his arrest in the present action, defendant was arrested for selling cocaine with two accomplices, Marlon Clodter and Jose Felix. However, defendant gave the name "Adolfo Zepeda," and was subsequently indicted under that alias. He pleaded guilty to attempted criminal possession of a controlled substance in the third degree and, on October 30, 1990, was sentenced to 30 days' imprisonment. He does not appeal that conviction.

Defendant was returned to court on the warrant issued in the instant case on June 9, 1992, nearly two years to the day from the date the bench warrant was issued. On October 3, 1992, two days before trial commenced, defendant moved to dismiss the indictment on the ground that the People had not declared their readiness for trial within the statutory period (CPL 30.30). The court reserved judgment on the motion and defendant proceeded to trial.

Prior to imposing sentence, the court denied the motion. In holding that the circumstances imposed no duty on the police to attempt to locate defendant, the court quoted *People v Rodriguez* (132 Misc 2d 1044, 1047 [1986]): "To require the People to exercise due diligence to locate a defendant who voluntarily absconds would place an unduly harsh burden on the People * * * Surely logic dictates that defendants who voluntarily evade the court process should not reap any rewards from their absence."

While the sentiment is widely shared, it is not the law (*People v Bolden*, 81 NY2d 146, 155 [1993]). In this case, the People have not only failed to establish that the due diligence requirement need not be met because defendant's whereabouts were unknown (*supra*; *People v Rodriguez*, 180 AD2d 517, 518-519, *lv denied* 79 NY2d 1053; *People v Quiles*, 176 AD2d 164, 165), they have failed to meet their burden to establish that any part of the subject two-year period is excludable from the statutory computation (*People v Berkowitz*, 50 NY2d 333, 349; *People v Kendzia*, 64 NY2d 331, 338). Despite indications that defendant used several aliases and was returned to this jurisdiction from Puerto Rico, the record is devoid of any opposition to defendant's motion. As the basis upon which the motion was denied is contrary to law (*People v Bolden, supra*), reversal is mandated. Concur—Sullivan, J. P., Ellerin, Rubin, Kupferman and Asch, JJ.