■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RICHARD SIGISMUNDI, Respondent. [636 NYS2d 279] —Order, Supreme Court, New York County (Alvin Schlesinger, J.), entered on November 28, 1994, which granted defendant's motion to dismiss the indictment pursuant to CPL 30.30, affirmed.

On September 4, 1993, the defendant was arrested in the 19th Precinct for second degree burglary. At the time of his arrest, he identified himself as Richard Sigismundi. When interviewed by the Criminal Justice Agency, he also indicated that he was born July 5, 1946, that his social security number was 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, and that he was homeless, but had lived at 2205 Second Avenue in Manhattan one year earlier. The criminal history report generated from his fingerprints revealed three aliases, the first of which was Richard Cali. Five days after his arrest, on September 9, 1993, the defendant was released. His case was adjourned for Grand Jury action.

On September 17, 1993, the defendant was arrested again by

officers from the same 19th Precinct, under the name Richard Cali, the first alias generated by the earlier criminal history report. The defendant was fingerprinted again, but a different criminal history was generated. He gave a social security number of 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, and the same 2205 Second Avenue previous address. The defendant remained incarcerated from the date of this arrest, pleaded guilty, and on March 23, 1994 was sentenced to two to four years in prison.

Meanwhile, he was indicted on charges arising in connection with the instant, September 4 arrest, and the matter was advanced for arraignment on December 7, 1993. When the defendant did not appear, his case was adjourned to December 27, 1993. On December 27, 1993, a bench warrant was issued. No efforts were made to locate the defendant. Six months later, on June 29, 1994, the District Attorney's warrant coordinator realized that the defendant had been inadvertently assigned two distinct criminal history numbers and had at all times been incarcerated. On July 21, 1994, he was returned on the December 27, 1993 warrant.

On September 27, 1994, the defendant moved to dismiss this indictment, claiming that his CPL 30.30 right to a speedy trial had been violated. The trial court granted the motion, and the People now appeal. We now affirm.

The People were required to be ready for trial within 181 days of the defendant's September 5, 1993 arraignment, plus any excludable time (CPL 30.30 [1] [a]; [4], *People v Sinistaj*, 67 NY2d 236, 239). Whether the time between the December 27, 1993 issuance and the July 21, 1994 return on the warrant is excludable pursuant to CPL 30.30 (4) (c) is dispositive as to whether the People met their duty to proceed expeditiously. Where a bench warrant has been issued, and the defendant's location is known to the authorities, the time preceding return on the warrant is chargeable to the People unless they can show that during this period, diligent efforts were made to obtain the defendant's presence (CPL 30.30 [4] [c]; *People v Bolden*, 81 NY2d 146). The only circumstance in which due diligence is not required is where a defendant is considered "absent" because his "location [was] unknown and he [was] attempting to avoid apprehension or prosecution" (CPL 30.30 [4] [c]; *People v Bolden, supra*, at 152, n 1; *People v Quiles*, 176 AD2d 164).

This defendant, arrested under an alias listed on his criminal history report by officers from the same precinct, and continuously under the control of the authorities for at least six months while the bench warrant remained outstanding,

was not at a location unknown to the People (*People v Barasso*, 193 AD2d 448, *lv denied* 81 NY2d 1070; *see, People v Ladson*, 202 AD2d 212, 215 [Murphy, P. J., dissenting], *affd* 85 NY2d 926; *see also, People v Biaz*, 222 AD2d 324).

In *People v Barasso* (*supra*, at 448-449), decided by us, the facts presented were almost identical, and we held, *inter alia*: "The failure to link all three cases ostensibly resulted from defendant's use of various names and birth dates, and an apparent computer error but, be that as it may, it is now clearly established that the issuance of a bench warrant does not excuse the People's obligation to exercise due diligence in attempting to locate the defendant (*People v Bolden*, 81 NY2d 146). Given that defendant was incarcerated until July 10, 1989, the efforts made to locate him between September 22, 1988 and February 1, 1989, which consisted of checking certain addresses, speaking to the complainant, and running computer searches, cannot be said to constitute due diligence."

Because no effort was made to enforce the warrant, the period between its issuance and defendant's return on July 21, 1994 was properly charged to the People, and the indictment appropriately dismissed. Concur—Rosenberger, Wallach and Asch, JJ.

Sullivan, J. P., and Ross, J., dissent in a memorandum by Sullivan, J. P., as follows: In computing the time within which the People must be ready for trial, certain periods, such as delay from a defendant's absence or unavailability, are excluded (*see, People v Patterson*, 38 NY2d 623, 625). According to the statutory scheme, a defendant is absent "whenever his location is unknown and he is attempting to avoid apprehension or prosecution" (CPL 30.30 [4] [c]; *People v Patterson*, *supra*, at 625). The mere non-appearance of a defendant and consequent issuance of a bench warrant will not, without more, establish a defendant's intent to avoid apprehension or prosecution. (*See, People v Delacruz*, 189 AD2d 717, 718-719.)

A showing that a defendant, however, is knowingly attempting to frustrate his return to court by the use of an alias or by flight does satisfy the statutory requirement. (*Supra*; *People v Ladson*, 202 AD2d 212, *affd* 85 NY2d 926.) Thus, as the Court of Appeals has noted, under the provisions of CPL 30.30 (4) (c), when a defendant's location is unknown and he is attempting to avoid apprehension or prosecution, he is absent and the People have no obligation to exercise due diligence in seeking to return the defendant to court (*People v Bolden*, 81 NY2d 146, 155). With these principles in mind, it is obvious that the period in question—the seven months from December 27, 1993,

the day a bench warrant was issued for defendant's arrest, until July 21, 1994, the day he was returned to court, is excludable by virtue of defendant's absence and his conscious efforts to avoid prosecution in the instant matter.

It is, as this record reflects, undisputed that, when rearrested, defendant gave pedigree information that varied materially from what he furnished when he was originally arrested. When arrested for another burglary on September 17, 1993, only thirteen days after his arrest in the instant case, defendant gave a different name and social security number. He was also careful to make sure in his interview with the Criminal Justice Agency that the names he provided were consistent with the different names he had given for himself at that time. Defendant, clearly betraying his calculated effort to avoid any connection between Richard Cali, his arrest name in the September 17, 1993 incident, and Richard Sigismundi, his arrest name in the earlier instant matter, reported his father's name as Joe Cali, rather than Joseph Sigismundi. Thus, the second element of the "absent" exclusion—that the defendant was attempting to avoid apprehension or prosecution—was satisfied.

Defendant's conduct in this regard must be viewed in the light of an extensive criminal background, which dates back to 1968. During that time he used four different aliases: Richard Sigismundi, Richard Cali, Richard Spagnole and Richard Espanol. He gave three different social security numbers, 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, 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 and 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 and two different dates of birth, July 5, 1946 and July 5, 1940. He has been convicted of bail jumping. Clearly, defendant is well versed in the ways of manipulating the system in an effort to conceal his criminal background.

Despite such strong evidence of a purposeful avoidance of prosecution, the majority finds that because defendant was incarcerated in this State for the period in question his location was not unknown to the People. In so holding, the majority, in effect, charges the People with constructive knowledge of defendant's whereabouts from the fact that he was, albeit under false pedigree information which he had purposefully given, in State custody. The statute does not, however, provide for the imputation of constructive knowledge to the People in such circumstances (*see, People v Ladson, supra,* 202 AD2d 212, *affd* 85 NY2d 926; *People v Rivera,* 106 AD2d 278).

As already noted, CPL 30.30 (4) (c), on its face, does not require that the People, in order to derive the benefit of the exclusion, exercise any diligence in locating an "absent" defendant who is attempting to avoid apprehension or prosecution.

All they need show is that the defendant's "location is unknown and he is attempting to avoid apprehension." The due diligence requirement is reserved for the absent defendant whose location is unknown and there is no showing of an attempt to avoid apprehension or prosecution. Nor is there any reason not apparent in the plain wording of the statute to justify the legal fiction that from the mere fact of his incarceration knowledge of a defendant's whereabouts is imputed to the People despite the fact that, due to his use of false pedigree information, his whereabouts are actually unknown. Here, the fact is that while the People knew that Richard Cali was incarcerated they did not know, because of the false information that he had given them, that Richard Cali and Richard Sigismundi were one and the same person.

To the extent that *People v Barasso* (193 AD2d 448, *lv denied* 81 NY2d 1070), relied upon by the majority, reached a seemingly inconsistent determination from the one reached in *People v Ladson* (202 AD2d 212, *supra)* decided one year later, and *People v Rivera* (106 AD2d 278, *supra),* that decision, with all due respect, is in conflict with the statute, which does not contain a due diligence requirement where the defendant is attempting, as here, to avoid apprehension or prosecution.

Finally, it should be noted, a defendant should not be allowed to frustrate the legitimate information gathering function of the criminal justice system by furnishing false identification information in connection with an arrest and then be permitted to exploit the effect of his deceit by gaining dismissal of valid criminal charges.

Accordingly, I would reverse the order dismissing the indictment and deny the motion to dismiss for failure to answer ready for trial within the time specified by CPL 30.30.