■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JABIER PEREZ, Appellant. [637 NYS2d 55] —Judgment, Supreme Court, New York County (Frederic Berman, J.), rendered September 24, 1990, convicting defendant, after jury trial, of criminal sale of a controlled substance in the third degree and sentencing him, as a second felony offender, to a term of imprisonment of 5 to 10 years, unanimously reversed, on the law, and the indictment dismissed. The matter is remitted to the trial court for the purpose of entering an order in favor of the accused pursuant to CPL 160.50, not less than 30 days after service of this order upon the respondent, with leave during this 30 day period to respondent to move and seek any further stay of the implementation of CPL 160.50 as in the interest of justice is required.

The CPL 30.30 motion at issue here was decided prior to the Court of Appeals' decision in *People v Bolden* (81 NY2d 146). In *Bolden* the Court held, *inter alia*, that for purposes of CPL 30.30 (4) (c), as amended in 1984, the People, in order to successfully claim that a defendant's absence or unavailability was an excusable delay of their duty to answer ready for trial, are required to show " 'due diligence' " in seeking the return of such defendant to court after a bench warrant issues, unless his location was unknown and he was seeking to avoid apprehension or prosecution *(supra,* at 148).

Consequently, the People's bare assertion in the motion court that defendant was absent and unavailable during the first seven months after the warrant issued, along with their failure to argue that they were duly diligent during that period, is fatal on this appeal *(People v Luperon,* 85 NY2d 71; *People v Mace,* 206 AD2d 296, 297, *lv denied* 84 NY2d 869). Their assertion that the question of due diligence during that period was unpreserved for appeal is contrary to the record before us.

Thus we find the 188 day period from December 8, 1988 to June 14, 1989 to be chargeable to the People; when combined with the 50 day period from October 19, 1988 to December 8, 1988, which the People concede, the resulting 238 days of pre-

trial delay is well in excess of the 182 days permitted pursuant to CPL 30.30, and it is unnecessary to consider the parties' remaining contentions. Concur—Ellerin, J. P., Ross, Nardelli, Williams and Mazzarelli, JJ.