*589
 
 OPINION OF THE COURT
 

 Titone, J.
 

 Does the former version of CPL 30.30 (4) (c)
 
 *
 
 require the People to exercise due diligence to locate an absent defendant when that defendant is incarcerated in a correctional facility within the State under an assumed name? We conclude that such diligence is not required when the facts and circumstances, including the accused’s use of one or more aliases, indicate an intention to avoid prosecution.
 

 Defendant was arrested on September 4, 1993 and arraigned on September 5, 1993 under the name Richard Sigismundi. The NYSID report that was generated as a result of that arrest indicated that defendant had previously used several aliases. Having been released on his own recognizance, defendant was again arrested on September 17, 1993. This time, he gave his name as Richard Cali, one of the aliases that he had used in the past. Upon defendant’s second arrest, the law enforcement authorities obtained a different NYSID report that was maintained in the name of Richard Cali. This report did not include a record of the September 4th arrest. Following his second arrest, defendant remained incarcerated locally until he pleaded guilty and was sentenced to a 2-to-4-year term of imprisonment on March 23, 1994.
 

 In the meantime, the charges arising out of the September 4th arrest remained pending. A Grand Jury issued an indictment on those charges on November 18, 1993 and, upon defendant’s failure to appear for arraignment on the indictment, a bench warrant for his arrest was issued on December 27, 1993. It was not until June 29, 1994 that a warrant coordinator from the District Attorney’s office discovered that defendant had mistakenly been given two different NYSID numbers. As a result of that discovery, the People were able to locate defendant. Defendant was finally returned on the December 27th bench warrant on July 21, 1994.
 

 
 *590
 
 On September 27, 1994, defendant moved to dismiss the November 18, 1993 indictment on the ground that the People had not been ready for trial within the time required by CPL 30.30. The People opposed the motion, arguing that the dispositive period between December 27, 1993 (when the bench warrant was issued) and July 21, 1994 (when defendant was returned on the warrant) was excludable under CPL 30.30 (4) (former [c]) because "defendant’s location was unknown and he was attempting to avoid prosecution.”
 

 Supreme Court rejected the People’s contention and dismissed the indictment for prosecutorial unreadiness, holding that the People could not claim that defendant’s whereabouts were unknown because he was incarcerated in local facilities for the entire duration of the critical period. On the People’s appeal, the Appellate Division affirmed the dismissal of the indictment, with two Justices dissenting. The majority agreed with the Supreme Court’s view that defendant was not at a location unknown to the People since he was "under the control of the authorities for at least six months while the bench warrant remained outstanding” (222 AD2d 382, 383). Relying on our decision in
 
 People v Bolden
 
 (81 NY2d 146), the majority concluded that the People had an obligation to exercise diligence in executing the December 27, 1993 bench warrant and, having failed to do so, they could not now claim the benefit of the exclusion afforded by CPL 30.30 (4) (former [c]). The dissent urged that the facts suggested an attempt to avoid prosecution on defendant’s part and that, consequently, the diligence requirement should not have been automatically applied. This People’s appeal, taken by permission of one of the Appellate Division dissenters, ensued. We agree with the rationale of the dissenters and, accordingly, we now reverse.
 

 At the time of the decisions below, CPL 30.30 (4) (former [c]) permitted the People to exclude from the time in which they must become ready the period of delay between the issuance of a bench warrant and the defendant’s return on that warrant "where the defendant is absent or unavailable and has either escaped from custody or has previously been released on bail or on his own recognizance”. The quoted portion of the CPL 30.30 (4) (former [c]) exclusion is available even where there was no causal relationship between the defendant’s absence or unavailability and the People’s unreadiness. Critical to the operation of the exclusion is the statutory definition of the terms "absent” and "unavailable”:
 

 "A
 
 defendant must be considered absent whenever
 
 
 *591
 

 his location is unknown and he is attempting to avoid apprehension or prosecution, or his location cannot be determined by due diligence.
 
 A defendant must be considered unavailable whenever his location is known but his presence for trial cannot be obtained by due diligence”
 
 {id.
 
 [emphasis supplied]).
 

 It is the italicized language concerning "absent” defendants that is the focus of the present appeal.
 

 In
 
 People v Bolden {supra),
 
 this Court held that in order to obtain an exclusion under the above-quoted provisions the People were required to exercise "due diligence” in executing a bench warrant against an allegedly "absent” defendant, since a defendant is not ordinarily "absent” under the statutory terms unless the People have demonstrated that they diligently tried to find him. However, we made clear in
 
 Bolden (id.,
 
 at 155), as well as in our subsequent opinion in
 
 People v Luperon
 
 (85 NY2d 71, 80, n 3), that the diligence requirement is not applicable where the defendant is deemed "absent” because "his location is unknown and he is attempting to avoid apprehension or prosecution.” Like most of our CPL 30.30 analysis, that conclusion was premised directly on the language and structure of this statute, which, in relevant part, was drafted in the disjunctive and thus furnished discrete alternative methods for determining whether and when a defendant is "absent.”
 

 The foregoing statements in
 
 Bolden
 
 and
 
 Luperon
 
 might have been sufficient to resolve the question presented in this case were it not for the fact that, as a practical matter, this defendant was not missing. Rather, he was at all relevant times within the custody and control of New York State’s law enforcement authorities. Under similar circumstances, several Appellate Division opinions have concluded that a showing of "due diligence” by the People cannot be excused, even where "the defendant employed the most extraordinary devices and elaborate strategies to avoid capture”
 
 (see, e.g., People v Ladson,
 
 202 AD2d 212, 216 [Murphy, P. J., dissenting];
 
 People v Barasso,
 
 193 AD2d 448). These intermediate appellate court opinions proceed from the premise that the People cannot satisfy the statutory requirement that the defendant’s location be "unknown” when they, in fact, have the defendant in custody because once a defendant has been incarcerated, knowledge of that defendant’s whereabouts is imputed to the State and its agents
 
 (see, People v Barasso, supra; People v Davis,
 
 184 AD2d 575, 577;
 
 see also, People v Knight,
 
 163 AD2d 583,
 
 affg
 
 140 Misc 2d 1075;
 
 People v Greenwaldt,
 
 103 AD2d
 
 *592
 
 933;
 
 but see, People v Rivera,
 
 106 AD2d 278, 280). Thus, in these situations, the statutory provision for excluding the period when the defendant was attempting to avoid apprehension or prosecution is unavailable. The correctness of the foregoing analysis was raised in
 
 People v Ladson
 
 (85 NY2d 926), but this Court was unable to address it because the appellant’s arguments on the point there were unpreserved.
 

 Faced squarely with the question for the first time, we hold that the People can establish a defendant’s "absence” under the former provisions of CPL 30.30 (4) (c) by showing only that the defendant’s whereabouts were
 
 actually
 
 unknown and that the defendant was attempting to avoid apprehension or prosecution. We decline to adopt a view of the statutory requirements that would impute knowledge of an incarcerated defendant’s location to the People and would thereby prevent them from invoking the exclusion for evasive defendants. To impute knowledge of a defendant’s whereabouts to the People in this narrow context would be to indirectly impose precisely the same "due diligence” requirement that the Legislature plainly intended to eschew when it established
 
 alternative
 
 criteria for proving a defendant’s absence
 
 (cf., People v Spruill,
 
 47 NY2d 869, 871;
 
 People v McLaurin,
 
 38 NY2d 123, 126). As the statutory language makes clear, a showing of "due diligence” is required only when the People cannot make the alternative showing that the defendant was attempting to avoid apprehension or prosecution.
 

 We stress that our holding excusing the People from their "due diligence” responsibility in these circumstances is not inconsistent with our holdings in
 
 People v Bolden (supra)
 
 and
 
 People v Luperon (supra).
 
 Those holdings were predicated on our interpretation and application of a discrete aspect of the statute with a different underlying policy. It is evident from the structure of CPL 30.30 (4) (former [c]) that the Legislature intended to treat defendants who were simply missing differently from those who deliberately evade legal process and to afford less favorable treatment to the latter. A construction of the statute that dispenses with the diligence requirement in the latter class of cases is consistent with that policy choice.
 

 The foregoing analysis leads to the conclusion that the Appellate Division order in this case must be reversed. The Court concluded that the People could not rely on the CPL 30.30 (4) (former [c]) exclusion solely because they had made no showing of diligent efforts to locate defendant. However, such a showing was unnecessary if, as the People specifically argued in re
 
 *593
 
 sponse to defendant’s CPL 30.30 motion, that defendant had been attempting to avoid prosecution.
 

 Inasmuch as the analyses utilized by the courts below rested on the lack of a showing of due diligence by the People, neither court had occasion to pass upon the critical factual question of whether defendant was, in fact, attempting to avoid prosecution when he was arrested for the second time. Significantly, the existing record reveals a number of circumstances that would support that inference. Included among these are the facts that defendant had used aliases in the past and that he used one of those aliases when he was arrested for the second time. Further, he gave different pedigree information on his second arrest, and his NYSID records suggested that he had given inconsistent pedigree information about himself in the past, possibly leading to the creation of two separate NYSID files. Thus, a remittal for a further factual inquiry on the CPL 30.30 motion is appropriate.
 

 Accordingly, the order of the Appellate Division should be reversed, the indictment reinstated and the case remitted to Supreme Court for further proceedings in accordance with this opinion.
 

 Chief Judge Kaye and Judges Bellacosa, Smith, Levine, Ciparick and Wesley concur.
 

 Order reversed, etc.
 

 *
 

 CPL 30.30 (4) (c) was recently amended (L 1996, ch 631). The correct application of the amended statute is not before us on the present appeal.