■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD ROBINSON, Appellant. [697 NYS2d 23] .—Judgment, Supreme Court, New York County (Alfred Donati, J.), rendered May 3, 1996, convicting defendant, after a jury trial, of auto stripping in the first degree, criminal mischief in the fourth degree and petit larceny, and sentencing him, as a second felony offender, to concurrent terms of 2 to 4 years, 1 year, and 1 year, and a $1,000 fine, unanimously modified, as a matter of discretion in the interest of justice, to the extent of deleting that portion of the sentence imposing the fine, and otherwise affirmed.

Defendant's breaking of a car window in the course of committing a petit larceny of the car's contents constituted, in addition to criminal mischief in the fourth degree (Penal Law § 145.00 [1]), auto stripping in the first degree (Penal Law former § 165.10 [1]), which is committed when a person "removes or intentionally destroys or defaces any part of a vehicle" (Penal Law former § 165.09 [1]) and has been previously convicted of auto stripping in the second degree in the preceding five years (see, People v Brown, 258 AD2d 346, lv denied 93 NY2d 871). We reject defendant's argument that the statute was not intended to cover the type of conduct involved in this case. Since the statute is clear and unambiguous, it should be construed to give effect to the plain meaning of its words (People v Bolden, 81 NY2d 146, 154). The statutory scheme clearly places the damaging of a part of a vehicle in a different category from the damaging of other property, and nothing in the auto stripping statute limits its reach to persons engaged in the theft of automobile parts for resale.

In the present circumstances, we find the imposition of the $1,000 fine to have been an improvident exercise of discretion. Concur—Ellerin, P. J., Rosenberger, Williams, Wallach and Andrias, JJ.