People v Zurrow
2026 NY Slip Op 50807(U)
May 22, 2026
Appellate Term, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This opinion is uncorrected and will not be published in the printed Official Reports.

Digest-Index Classification: Crimes—Disclosure--Automatic Discovery--Due Diligence

The People of the State of New York, Respondent,
v
Bruce Zurrow, Appellant.

Supreme Court, Appellate Term, Second Department, 2d, 11th And 13th Judicial Districts
Decided on May 22, 2026
2024-1239 K CR
Present: : Wavny Toussaint, P.J., Marina Cora Mundy, Joanne D. Quiñones, JJ

Heather J. Stepanek, for appellant.
Kings County District Attorney (Leonard Joblove, Michael Birece and Melissa Owen of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Kings County (Paul McDonnell, J.), rendered September 25, 2024. The judgment convicted defendant, upon a plea of guilty, of violating Administrative Code of the City of New York § 19-190 (b), and imposed sentence. The appeal brings up for review an order of that court (Frederick C. Arriaga, J.) dated July 18, 2024 denying defendant's motion to dismiss the accusatory instrument on statutory speedy trial grounds.
[*1]
ORDERED that the judgment of conviction is reversed, on the law, the order dated July 18, 2024 denying defendant's motion to dismiss the accusatory instrument on statutory speedy trial grounds is vacated, defendant's motion is granted, and the accusatory instrument is dismissed.
On January 16, 2024, defendant struck a pedestrian with his pickup truck as he was making a left turn, and the pedestrian subsequently died from her injuries. At the scene, defendant was interviewed by the assigned detective and was allowed to leave. On January 29, 2024, defendant went to the 68th Precinct as requested, was arrested, and was issued a Desk Appearance Ticket (DAT). By misdemeanor complaint dated February 16, 2024, defendant was charged with violating Administrative Code of the City of New York § 19-190 (a) and (b) ("Right of way"), and reckless driving (Vehicle and Traffic Law § 1212). On February 18, 2024, defendant appeared in court in response to the DAT and was arraigned.
On April 18, 2024, the People timely served and filed a Certificate of Compliance (COC) pursuant to former CPL 245.50 (1),FN1 which stated that the People had disclosed and made [*2]available to defendant all known material and information subject to discovery. The COC included a Statement of Readiness (SOR) and a CPL 30.30 (5-a) statement. On June 3, 2024, defense counsel emailed the People requesting multiple items that had not been part of the initial discovery packet served by the People with the COC, including, among other things, any body-worn camera (BWC) footage from the first two officers on the scene. That same day, the People provided defendant, for the first time, with, among other things, BWC footage from 10 police officers on the date of the incident, including the first two officers on the scene. On June 5, 2024, the People filed a supplemental COC in which they explained that, despite good faith and diligent efforts, they had not been aware of the existence of any BWC footage prior to filing the original COC because no such footage had been tagged to defendant's arrest number.
On June 7, 2024, defendant moved to dismiss the accusatory instrument on statutory speedy trial grounds, arguing that the original COC was invalid and the attendant SOR illusory because the People had not complied with their discovery obligations under CPL article 245. By order dated July 18, 2024, the Criminal Court (Frederick C. Arriaga, J.) denied defendant's motion, finding that the People had made reasonable efforts sufficient to satisfy their CPL article 245 requirements and that, accordingly, the COC was proper. On September 25, 2024, defendant pleaded guilty (Paul McDonnell, J.) to violating Administrative Code of the City of New York § 19-190 (b) and sentence was imposed. On appeal, defendant contends that the court erred in denying his motion (see CPL 30.30 [6]).
Pursuant to CPL 30.30 (1) (c), the People had 60 days in which to announce their readiness for trial. As of January 2020, absent an individualized finding of special circumstances, "[a]ny statement of trial readiness must be accompanied or preceded by a certification of good faith compliance with the disclosure requirements of section 245.20" (former CPL 30.30 [5]; see CPL 245.20, 245.50 [3]; People v Bay, 41 NY3d 200 [2023]). CPL article 245 provides for "automatic" disclosure by the People to the defendant of "all items and information that relate to the subject matter of the case and are in the possession, custody or control of the prosecution or persons under the prosecution's direction or control" (former CPL 245.20 [1]). The statute provides a non-exhaustive list of categories of discoverable material, including "[a]ll tapes or other electronic recordings . . . made or received in connection with the alleged criminal incident" (CPL 245.20 [1] [g]).
CPL article 245 does not create a "rule of strict liability" or require a "perfect prosecutor" (Bay, 41 NY3d at 212 [internal quotation marks omitted]). "[T]he key question in determining if a proper COC has been filed is whether the prosecution has 'exercis[ed] due diligence and ma[de] reasonable inquiries to ascertain the existence of material and information subject to discovery' " (id. at 211, quoting now former CPL 245.50 [1]; see CPL 245.20 [2]). "Although the statute nowhere defines 'due diligence,' it is a familiar and flexible standard that requires the People 'to make reasonable efforts' to comply with statutory directives" (Bay, 41 NY3d at 211, quoting People v Bolden, 81 NY2d 146, 155 [1993]).
If a defendant brings a CPL 30.30 motion claiming that "the People failed to exercise due diligence and therefore improperly filed a COC, the People bear the burden of establishing that they did, in fact, exercise due diligence and made reasonable inquiries prior to filing the initial COC despite a belated or missing disclosure" (Bay, 41 NY3d at 213 [emphasis added]). "If the prosecution fails to make such a showing, the COC should be deemed improper, the readiness [*3]statement stricken as illusory, and—so long as the time chargeable to the People exceeds the applicable CPL 30.30 period—the case dismissed" (id.). Although an analysis of "whether the People made reasonable efforts sufficient to satisfy CPL article 245 is fundamentally case-specific," courts should consider, among other things, the following:
"the efforts made by the prosecution . . . to comply with the statutory requirements, the volume of discovery provided and outstanding, the complexity of the case, how obvious any missing material would likely have been to a prosecutor exercising due diligence, the explanation for any discovery lapse, and the People's response when apprised of any missing discovery" (id. at 212).
Here, under the circumstances presented, and considering the illustrative list of relevant factors set out by the Court of Appeals in Bay (see id. at 212), we conclude that the People failed to meet their burden of establishing that they had exercised due diligence and made reasonable inquiries prior to filing the original COC on April 18, 2024, the 60th day. The People failed to put forward any evidence of their efforts to "exercis[e] due diligence and mak[e] reasonable inquiries to ascertain the existence of" any BWC footage prior to filing the COC (see former CPL 245.50 [1]; People v Baker, 229 AD3d 1324 [2024]; cf. People v Lawrence,231 AD3d 1497 [2024]). Rather, the People's submissions established that they did not make any such inquiries until after being notified by defense counsel as to the absence of any BWC footage in the discovery packet. We note that, while the BWC footage may not have been tagged to defendant's arrest number prior to the filing of the original COC, the People admitted that the footage was located via geo-location search, retrieved, and provided to the defense the very same day that the defense requested it. Consequently, the COC was invalid, the attendant SOR was illusory, and defendant's motion to dismiss on statutory speedy trial grounds should have been granted, as more than 60 days were chargeable to the People.
Accordingly, the judgment of conviction is reversed, the order dated July 18, 2024 denying defendant's motion to dismiss the accusatory instrument on statutory speedy trial grounds is vacated, defendant's motion is granted, and the accusatory instrument is dismissed.
TOUSSAINT, P.J., MUNDY and QUIÑONES, JJ., concur.
ENTER:
Jennifer Chan
Chief Clerk
Decision Date: May 22, 2026

Footnotes

Footnote 1
CPL article 245 has been amended, effective August 7, 2025.