■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NELSON CADILLA, Also Known as NESTOR CADILLA, Also Known as IRVING HENRY, Appellant. [666 NYS2d 111] —Judgment, Supreme Court, New York County (Juanita Bing Newton, J., on pretrial motions; Nicholas Figueroa, J., at jury trial and sentencing), rendered March 1, 1995, convicting defendant of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 4½ to 9 years, unanimously affirmed.

Defendant's speedy trial motion was properly denied. Since the People did not have actual knowledge that defendant was confined on a violation of parole under another name and the record points to a pattern of behavior on his part to avoid apprehension or prosecution, the period of delay between the issuance of the bench warrant and the production of defendant was not chargeable to the People, regardless of whether diligent efforts were made to locate him (CPL 30.30 [former (4) (c)]; *People v Sigismundi*, 89 NY2d 587). Contrary to defendant's argument, we conclude that this issue was sufficiently litigated before the motion court (*compare, People v Nieves*, 67 NY2d 125, 136). Other periods of delay were properly excluded

as reasonable periods of time resulting from motions. Given these exclusions, the total amount of includable time did not exceed the statutory limit.

The court properly closed the courtroom during the undercover officer's trial testimony, since he was actively engaged in pending undercover operations in the specific area of defendant's arrest (*see, People v Gatling*, 240 AD2d 216). Since defense counsel never suggested any alternatives to closure, the trial court was not required to do so (*People. v Harrison*, 243 AD2d 315).

We have considered defendant's remaining contention and find it to be without merit. Concur—Rosenberger, J. P., Ellerin, Nardelli, Williams and Andrias, JJ.