(April 16, 1998)

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JE- ROME MOORE, Also Known as LEONARD DAVID, Respondent. [671 NYS2d 472] —Order, Supreme Court, Bronx County (John Byrne, J.), entered on or about January 4, 1996, which dismissed the indictment against defendant pursuant to CPL 30.30, unanimously reversed, on the law, the motion denied, the indictment reinstated and the matter remanded to Supreme Court for further proceedings.

Defendant's CPL 30.30 motion was decided prior to the Court of Appeals' decision in *People v Sigismundi* (89 NY2d 587). In *Sigismundi,* the Court held that, in order to satisfy the former version of CPL 30.30 (4) (c), the People do not have to exercise due diligence to locate an absent defendant when that defendant is incarcerated in a correctional facility within the State

and has used aliases in an effort to avoid prosecution. Indeed, the Court specifically declined to impute knowledge of an incarcerated defendant's location to the People in situations involving evasive defendants who, like this defendant, use aliases (*supra*, at 592). Here, the record establishes that due to defendant's use of aliases and different dates of birth, the People not only lacked actual knowledge that defendant had been confined under another name but could not ascertain defendant's whereabouts. Accordingly, where "the record points to a pattern of behavior on his part to avoid apprehension or prosecution, the period of delay between the issuance of the bench warrant and the production of defendant [is] not chargeable to the People, regardless of whether diligent efforts were made to locate him" (*People v Cadilla*, 245 AD2d 9). Concur—Lerner, P. J., Sullivan, Milonas, Ellerin and Andrias, JJ.